383 So.2d 495 (1980)
Ricky JORDAN
v.
STATE of Mississippi.
No. 51767.
Supreme Court of Mississippi.
April 23, 1980.
Rehearing Denied May 28, 1980.
*496 Cullen C. Taylor, Brandon, for appellant.
A.F. Summer, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and BROOM and COFER, JJ.
SMITH, Presiding Justice, for the Court:
Ricky Jordan was tried in the Circuit Court of Rankin County upon an indictment charging him with the felonious sale and delivery on September 29, 1978, of a controlled substance. The indictment for that offense, returned May 4, 1979, also charged Jordan with being an habitual criminal under the provisions of Mississippi Code Annotated section 99-19-81 (Supp. 1979), Paragraph 1 of Chapter 470 of the Laws of Mississippi of 1976.
That statute provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
It was charged that, on February 1, 1973, Jordan had been convicted of burglary in the Circuit Court of Rankin County; that he had been convicted of burglary in the Circuit Court of Simpson County, on a plea of guilty on March 19, 1979; and that he had also been convicted of burglary, on a plea of guilty in the Circuit Court of Simpson County on March 19, 1979. In each case Jordan had received a sentence of more than one year in a Mississippi State penal institution.
The indictment in this case, returned May 4, 1979, charging Jordan with the felonious sale of a controlled substance on September 29, 1978, also charged him with being an habitual criminal on the basis of the above previous burglary convictions.
In the trial court, counsel for Jordan attacked the indictment by demurrer and by motion to quash. The principal contention was that the March, 1979 convictions, having occurred after September 29, 1978, the date on which it was charged that Jordan had feloniously sold and delivered the controlled substance, did not fulfill the conditions specified in section 99-19-81, supra, that a defendant, to be punished as an habitual criminal, must "have been convicted twice previously" of a felony. The trial court rejected this argument, overruling the demurrer and denying the motion to quash.
Jordan was tried and convicted by the jury for having feloniously sold and delivered, on September 29, 1978, the controlled substance as charged in the indictment.
The trial court, following the procedure outlined in Rule 6.04 of the Uniform Criminal Rules of Circuit Court Practice, conducted a separate hearing as to Jordan's previous convictions set out in the indictment. On the basis of the proof of these convictions the trial court, under the provisions of section 99-19-81 supra, (Paragraph 1, Chapter 470 of the Laws of Mississippi of 1976), sentenced Jordan to a term of 20 *497 years imprisonment and to the payment of a fine of $30,000, the maximum penalty fixed by law for his said offense of the felonious sale and delivery of the controlled substance.
On appeal it is argued on Jordan's behalf that section 99-19-81, Mississippi Code Annotated (Supp. 1979), does not clearly specify whether the previous convictions it refers to must have occurred prior to the date on which the third or principal felony was committed. In support of this argument appellant cites several cases dealing with the question of enhanced punishment following successive convictions of an offense by a defendant who had previously committed that offense. Among the authorities cited was Miles v. State, 51 So.2d 214 (Miss. 1951), interpreting section 2613 of the 1942 Code. That section dealt with the sale of intoxicating liquor under the prohibition laws and provided, for the first offense, a fine of not more than $500 or imprisonment not more than three months or both. By subsequent paragraphs it provided enhanced punishment for a second and third violation of the statute.
Section 99-19-81, supra, is not a statute providing for more severe punishment for each succeeding violation of a particular statute. In express terms it provides that a person who has been previously convicted of two felonies shall receive the maximum sentence authorized for his conviction of a third felony. The fixing of punishment in criminal cases is a question "peculiarly... of legislative policy." Gore v. United States, 357 U.S. 386, 393, 78 S.Ct. 1280, 1285, 2 L.Ed.2d 1405 (1958).
A somewhat analogous situation was dealt with in the case of United States v. Bridgeman, 173 U.S.App.D.C. 150, 523 F.2d 1099, 1121 (1975), cert. denied 425 U.S. 961, 96 S.Ct. 1743, 48 L.Ed.2d 206. In Bridgeman the Court said:
Brown's counsel also contends that his client was not subject to be sentenced as a person "convicted more than once of having ... committed a crime of violence in the District of Columbia" because the prior sentence was not adjudged by the court until October 17, 1972, some five days after the armed kidnappings charged in the instant indictment had occurred on October 11 and 12, 1972. The statute, however, does not require that the second crime occur after sentence is adjudged on the prior "crime of violence." It speaks in terms of a prior conviction existing at the time of a subsequent sentencing: a defendant who has been convicted of one violent crime at the time he is sentenced for a second crime of violence clearly comes within the purview of the statute, even though his sentence on the first conviction was not adjudged until after the second crime was committed. Because Brown's armed robbery conviction preceded his sentencing in this case, the mandatory minimum sentence was required.
Finally, Brown argues that the minimum sentence provision is unconstitutional because it divests the trial court of all discretion concerning the duration of punishment or the granting of probation. In 1916 the Supreme Court held that a United States District Court was not free to ignore a congressionally imposed minimum sentence. Ex parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916). The Court reiterated that the statutory boundaries of criminal sentences are "peculiarly questions of legislative policy" in Gore v. United States, 357 U.S. 386, 393, 78 S.Ct. 1280, 1285, 2 L.Ed.2d 1405 (1958). These decisions effectively foreclose appellant's constitutional attack on the mandatory minimum sentence.
The trial court correctly overruled the demurrer and denied the motion to quash, upholding the validity of the indictment. Jordan was properly tried, convicted and sentenced as an habitual criminal under section 99-19-81, supra.
A second assignment of error deals with the refusal of the trial court to grant two instructions requested by appellant. An examination of the instructions in question shows clearly that their intent was to submit to the jury for decision purely legal *498 matters with which the jury had no concern. The trial court properly declined to grant the instructions.
We find no error in the trial, conviction, or sentencing of Jordan and the judgment appealed from is affirmed.
AFFIRMED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.