# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-KA-00081-SCT

*OLLIE DEWAYNE STEWART*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/03/93 |
| TRIAL JUDGE: | HON. JAMES W. BACKSTROM |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROSS PARKER SIMONS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | DALE HARKEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 2/27/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DAN LEE, C.J., BANKS AND ROBERTS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

Ollie Dewayne Stewart, the appellant, appeals from a guilty jury verdict for the murder of Laverne Wade. Stewart assigns the following as error:

## ISSUE I.

**WHETHER THE TRIAL COURT'S DENIAL OF THE APPELLANT'S MOTION IN LIMINE TO PROHIBIT ADMISSION OF EVIDENCE REGARDING GANGS AND GANG MEMBERSHIP VIOLATED THE MISSISSIPPI RULES OF EVIDENCE (M.R.E.), THE MISSISSIPPI CONSTITUTION, AND THE UNITED STATES CONSTITUTION.**

## ISSUE II.

**WHETHER THE TRIAL COURT ERRED IN NOT GRANTING A MISTRIAL AFTER THE STATE DISPLAYED A HANDGUN THAT WAS NOT USED IN THE MURDER OR OTHERWISE RELATED TO THE CRIME CHARGED.**

## ISSUE III.

**WHETHER THE STATUTE WHICH MANDATED A SENTENCE OF LIFE IMPRISONMENT WAS CONSTITUTIONAL, THUS REMOVING ANY DISCRETIONARY AUTHORITY ON THE PART OF THE SENTENCING JUDGE.**

## ISSUE IV.

**WHETHER THE TRIAL COURT ERRED BY DENYING STEWART'S MOTION TO DISMISS ON THE GROUNDS THAT HIS SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL WAS VIOLATED.**

A Motion in Limine that would have barred the admission of evidence of gang activity was properly denied by the trial court. Stewart admits that he is a member of the Black Gangster Disciplines and no lapse of time in his association exists to suggest that his membership is inconsequential. *Smith v. State*, 530 So. 2d 155 (Miss. 1988). Stewart's association with a street gang does constitute an act which is admissible under MRE 404(b) to prove motive. *Hoop v. State*, 681 So. 2d 581 (Miss. 1996). Although, the modern day publicity afforded gang violence does generate some prejudicial effect toward Stewart, the probative value of the evidence is not substantially unfair outweighed by the danger of unfair prejudice.

Also, Stewart claims that he should have been granted a mistrial because of the display of a handgun at the trial that was not used in the crime. Stewart relies on *Foster v. State*, 508 So. 2d 1111 (Miss. 1987) which found the introduction into evidence of a weapon that was not the actual murder weapon prejudicial. While the handgun was displayed in court with the jury present, it was not introduced into evidence. Stewart raised an objection to the State's attempt to admit the gun into evidence and the objection was sustained. Hence, the mere presence of the handgun was not sufficient to merit a mistrial.

Also, Stewart's assignment of error that the trial court was denied any discretionary authority in sentencing because the statutory scheme required a sentence of life imprisonment is hollow. The case law indicates that the legislature has the authority to fix punishment in criminal cases. *Washington v. State*, 478 So. 2d 1028 (Miss. 1985); *Howell v. State*, 300 So. 2d 774 (Miss. 1974); *Jordan v. State*, 383 So. 2d 495 (Miss. 1980); M.S. Const. Art. IV, § 33; 24 C.J.S. Criminal Law, § 1459 (1989).

Stewart's final claim of error that his constitutional right to a speedy trial was violated because of delays imposed by the State must fail as well. The lower court's analysis of the circumstances leading to the delays preceding the trial correctly found no violation of Stewart's Sixth Amendment right. *Barker v. Wingo*, 407 U.S. 514 (1974). We find no error in that analysis.

**CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND THAT APPELLANT PAY ALL COSTS ACCRUED AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**