# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-KA-01846-SCT

*MICHAEL WARREN WILLIE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/7/2002 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MARK G. WILLIAMSON |
| | PEARSON LIDDELL, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/06/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     Michael Warren Willie appeals his sentence of life imprisonment without parole from the Circuit Court of Oktibbeha County, Mississippi. Willie was tried and convicted of capital murder while in the commission of a robbery in January 1989 and sentenced to death. Willie appealed to this Court, which affirmed the conviction but reversed on the sentencing. The Court remanded the case for a new trial on the sentencing. *See **Willie v. State***, 585 So.2d 660 (Miss. 1991). On remand, the State reindicted Willie, and he plead guilty, accepting the sentence of life in prison without parole. Willie challenged the sentence in a post-conviction relief action. See ***Willie v. State***, 738 So.2d 217 (Miss. 1999). This Court

found that reindicting the defendant violated the double jeopardy clause and remanded the case for a new sentencing hearing. On remand, the circuit court entered an order amending the original indictment to charge Willie as a habitual offender pursuant to Miss. Code Ann. § 99-19-81 (Rev. 2000). After a hearing, the circuit court found that Willie was an habitual offender and sentenced him to serve a term of life without the possibility of parole. Willie appeals to this Court contending that the trial court erred by granting the State's Motion to Amend Indictment.

## FACTS

¶2. As this is an appeal from the sentencing only, the portions of the record containing most of the facts were not included in this record. The facts are preserved in the record of the first trial. Willie initially faced the charge of burglary. Willie stated that his lawyer told him that if he did not bring $1,500.00 with him to court the next day he would go to jail. Willie did not have the money, so he decided to rob Joe's Package Store. He entered the store carrying a .38 caliber pistol. Willie told Joe Clardy, the store clerk, to give him all the money and the videotape from the security camera. Clardy handed the tape to Willie. Willie said Clardy attempted to grab Willie's gun, and the gun discharged hitting Clardy in the chest. Willie shot Clardy two more times, once in the abdomen and once in the head. Clardy died of his wounds.

## ANALYSIS

### WHETHER THE TRIAL COURT ERRED BY GRANTING THE STATE'S MOTION TO AMEND INDICTMENT.

¶3. An indictment may be amended under Rule 7.09 of the URCCC, which states in pertinent part:

> Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement.

¶4. This Court has found Rule 7.09 constitutional. *Burrell v. State*, 726 So.2d 160, 162 (Miss. 1998).

¶5. Willie contends that at the time of his conviction for capital murder that he only had one of the two convictions which were later used to charge him as a habitual offender. He argues that the State failed to meet the requirements of the sentencing mandated under Miss. Code Ann. § 99-19-81 (Rev. 2000), which states:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

¶6. Willie argues that the words in the statute, "shall have been *convicted twice previously*" allow sentencing as a habitual offender only if both convictions predate the current conviction. Willie committed grand larceny on March 10, 1988, and was sentenced on June 27, 1989. He committed burglary on January 19, 1989, and was sentenced on November 9, 1989. He then committed capital murder on January 20, 1989, and was sentenced to death on September 28, 1989. The court then resentenced Willie to life imprisonment without parole on October 7, 2002, under the amended indictment classifying Willie as a habitual offender.

¶7. The State argues that Willie was "convicted twice previously" when he was most recently sentenced. The State acknowledges that when Willie was sentenced the first time, he only had one prior felony because the burglary charge had not yet been adjudicated. However, the State contends that at the time Willie was resentenced per this Court's instructions in *Willie v. State*, 738 So.2d 217, he did have

3

two prior convictions because the burglary charge had been adjudicated.  Therefore, he was eligible for sentencing as a habitual offender.

¶8.     The State relies on *Jordan v. State*, 383 So.2d 495 (Miss. 1980), which is applicable to the case sub judice in that this Court held that the defendant was properly tried and convicted under the habitual offender statute, despite the fact that the defendant's two previous felony convictions did not occur until after the date of which it was charged that he committed the third felony.  The Court in *Jordan* relied on *United States v. Bridgeman*, 523 F.2d 1099, 1121 (D.C. Cir.1975), which stated "a defendant who has been convicted of one violent crime at the time he is sentenced for a second crime of violence clearly comes within the purviews of the statute, *even though his sentence of the first conviction was not adjudged until after the second was committed.*"  383 So. at 497 (emphasis added).  It is clear that Willie committed two felonies before he was convicted of the capital murder of Joe Clardy. Thus, this Court concludes that Willie was eligible to be sentenced as a habitual offender despite the fact that the two previous felonies were not adjudicated at the time Willie was convicted of the third felony. To find otherwise would go against the legislative intent of Miss. Code Ann. § 99-19-81.

## CONCLUSION

¶9.     For these reasons, the trial court did not commit any reversible error in sentencing Willie as a habitual offender.  Therefore, the judgment of the trial court is hereby affirmed.

¶10.    **SENTENCE OF LIFE IMPRISONMENT WITHOUT POSSIBILITY OF PAROLE. AFFIRMED.**

        **SMITH, C.J., EASLEY AND CARLSON, JJ., CONCUR. COBB, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DICKINSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, P.J. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**

4

**DICKINSON, JUSTICE, DISSENTING:**

¶11.    Because I find the language of Miss. Code Ann. § 99-19-81 (Rev. 2000) unmistakably clear as it should be applied to this case, and because *Jordan v. State*, 383 So.2d 495 (Miss. 1980), is not only misapplied by the majority, but is supportive of my position, I respectfully dissent.

¶12.    This case requires us to address a narrow question of construction of the habitual criminal sentencing statute's deceptively simple wording. The opening sentence states:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony . . . shall be sentenced to the maximum term of imprisonment prescribed for such felony . . . .

Miss. Code Ann. § 99-19-81. Because this is a penal statute, it is to be strictly construed. *State v. Martin*, 495 So. 2d 501, 502 (Miss. 1986)( citing *McLamb v. State*, 456 So. 2d 743, 745 (Miss. 1984); *State v. Russell*, 358 So. 2d 409, 412 (Miss. 1978)).

¶13.    It seems to me that it should be quite difficult to misconstrue the words: *"Every person convicted in this state of a felony who shall have been convicted twice previously . . . ."* The word, "previously" means prior, or before. The statute clearly requires that two felony convictions must have occurred before the conviction for which the defendant is about to be sentenced. That was not the case here.

¶14.    The majority speaks in terms of when Willie committed crimes and when he was sentenced for those crimes. However, the statute addresses neither of those time references. It speaks only in terms of two *convictions* previous to the current *conviction*.

¶15.    Willie was convicted of capital murder on September 27, 1989. At that time, the record demonstrates, and the State and the majority concede, Willie did not have two previous felony convictions. It seems to me that should be enough for any strict constructionist.

5

¶16.    Nevertheless, the majority affirms, claiming *Jordan* stands for the proposition that the order of the commission of the three crimes is irrelevant to sentencing under the statute.  *See Jordan*, 383 So.2d at 497.  Although I do not deny this is the case, the majority's position is not  advanced by this proposition. What the majority cannot cite from *Jordan* or anywhere else is language which holds irrelevant the order of *convictions*.  Indeed, at the time of his conviction, the defendant in *Jordan* had been convicted twice previously of felonies.  *Id*. at 496-97.  This, in my view, satisfies the statute.

¶17.    It seems acceptable and even advisable to me that a model  statute should provide that, at the time of *sentencing* for conviction of a felony, a defendant having been convicted of two additional felonies must be sentenced to the maximum term of imprisonment.  Under such a reasonable and just statute, Willie could have been properly be sentenced to life imprisonment.  However, the statute actually enacted by the Legislature does not so provide.  I cannot agree that this Court should rewrite the statute to provide what we think it should have  provided.  We are not the Legislature.  We are a Court, required to apply the law given to us by the Legislature.  The law given to us by the Legislature requires that there be two felony convictions previous to the current conviction.  Willie did not have two felony convictions previous to his conviction of capital murder.  Thus, the circuit court imposed a sentence which was not  authorized by law. I would reverse the circuit court's judgment and remand this case for resentencing. Therefore, I respectfully dissent.

        **WALLER, P.J., JOINS THIS OPINION.**