MYERS, J.,
for the Court:
¶ 1. This case originated in the Circuit Court of Jackson County where Marlon Knox was convicted of murder and sentenced to life imprisonment.
¶ 2. Knox and his roommate, Jermaine Williams, traveled to the “504 Club” where Williams became involved in an altercation with a man named Charles Witherspoon concerning a defective stereo Witherspoon had recently sold to Williams. Knox joined in the altercation and was struck on the shoulder by a beer bottle thrown by Willie McGill. Two days after the altercation at the “504 Club”, Knox, Williams, and Charles McKinney were riding in McKinney’s vehicle to obtain some marijuana. The three decided to try to make their purchase on 26th Street. While on 26th Street, the three approached a vehicle on the side of the road, and noticed a man leaning into the trunk of this vehicle working on the car’s stereo. Upon seeing the vehicle, Knox told McKinney to stop the *1006 car. Knox then got out of the car and shot the man working on the stereo four times with a .22 caliber pistol. The man he shot was McGill, the individual who struck him with a beer bottle two days prior during the “504 Club” altercation.
¶ 3. After being shot, McGill possibly, though it is not clear from the record, obtained a pistol from Witherspoon, but collapsed on his way back to confront Knox. An ambulance soon arrived but McGill was pronounced dead upon arrival at the local hospital.
¶ 4. Knox was subsequently arrested for the murder of McGill and tried in the Circuit Court of Jackson County, Mississippi. Knox was convicted of murder and sentenced to life imprisonment.
¶ 5. On appeal, Knox raises four assignments of error:
I. WHETHER A MISTRIAL AND SUBSEQUENT RETRIAL CONSTITUTE DOUBLE JEOPARDY.
II. WHETHER THE JURY WAS NOT PROPERLY SWORN.
III. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
IV. WHETHER KNOX’S SENTENCE CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT.
¶ 6. Finding no error, we affirm.
LEGAL ANALYSIS
I. WHETHER A MISTRIAL AND SUBSEQUENT RETRIAL CONSTITUTE DOUBLE JEOPARDY.
¶ 7. Knox’s first assignment of error is that after his first trial ended in a mistrial, his subsequent retrial was a violation of the Double Jeopardy Clause under the Fifth Amendment of the U.S. Constitution and Article 3, Section 22 of the Mississippi Constitution.
STANDARD OF REVIEW
“A reviewing court examines the entire record to determine if a manifest necessity exists for a mistrial.” Jenkins v. State, 759 So.2d 1229, 1232(¶ 8) (Miss.2000) (citing United States v. Bauman, 887 F.2d 546, 550 (5th Cir.1989)).
DISCUSSION
¶ 8. On November 13, 2001, Knox was tried for the murder of McGill. It was during the prosecution’s direct examination of Williams that the prosecutor determined that Williams, charged as an accessory after the fact, was no longer represented by counsel. The prosecutor became aware of this fact after Williams made several incriminating statements. After this determination was made, the prosecutor asked the judge to excuse the jury. Outside of the presence of the jury, the State made a motion for a mistrial, as a fundamental right of Williams, not Knox, had been violated. Both the State, and defense counsel, felt that a mistrial should be granted. On appeal, the State argues that by failing to object, and actually agreeing to the mistrial, Knox has not properly preserved this issue for appeal. In support of this contention, the State refers us to the Virginia case of Commonwealth v. Washington, 263 Va. 298, 559 S.E.2d 636 (2002), which held that when a defendant expressly states that there is no objection to the motion for a mistrial, this express statement acts as a waiver of the issue. This is not the proper test in Mississippi. Rather, the Mississippi Supreme Court has held that double jeopardy is a basic constitutional right that can not be waived. Johnson v. State, 753 So.2d 449, 454(¶ 13) (Miss.Ct.App.1999).
¶ 9. In making the determination of whether a criminal defendant has been *1007 subjected to double jeopardy, this Court looks to the language of the Mississippi Supreme Court, which has stated, “[i]f a mistrial is granted upon the court’s motion or upon the State’s motion, a second trial is barred because of double jeopardy, unless taking into consideration all the circumstances a ‘manifest necessity’ existed for the mistrial.” Jenkins, 759 So.2d at 1234(¶ 18) (citing Watts v. State, 492 So.2d 1281, 1284 (Miss.1986)). In the case sub judice the trial court made the determination that the “manifest necessity” present which warranted the granting of a mistrial, was the witness’s right to counsel under the Sixth Amendment of the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.
¶ 10. The Mississippi Supreme Court has stated, “[mjanifest necessity is applied case-by-case, and a critical element is the focus of a specific situation on the ‘broad spectrum of trial problems.’ ” Jenkins, 759 So.2d at 1236(¶ 28). With this language to guide the decision of the trial court and to guide our appellate review, we find that the constitutionally protected right to counsel is one of “manifest necessity” and warrants the trial court’s grant of a mistrial, without offending Knox’s Fifth Amendment right to be free from double jeopardy.
¶ 11. In order to accurately make the determination that the trial court did not infringe upon Knox’s right to be protected from double jeopardy, we must further look at the prior opinions of both the Mississippi Supreme Court as well as the United States Supreme Court. The Mississippi Supreme Court has previously stated “[wjithout proof of judicial error prejudicing the defendant, or ‘bad faith prosecutorial misconduct,’ double jeopardy does not arise.” Id. at 1234(¶ 17) (citing United States v. Jorn, 400 U.S. 470, 482, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971)). It cannot be stated that judicial error was the cause of Knox’s mistrial. It further can not be stated that by granting the mistrial, Knox was prejudiced in any way. A review of the record shows that Williams was the first witness to be examined and the prosecutor was yet to complete his direct examination. Knox continued to be out on bond during the time between the mistrial and subsequent retrial giving further credence to the contention that he was not harmed. Also, in following the precedent set forth in Jenkins, we cannot make the determination that the prosecutor’s actions were of the level of “bad faith prosecutorial misconduct.” As the record clearly demonstrates, Williams was at one point represented by counsel. The State was under the impression that Williams was still represented by counsel. There was nothing present in the court file which gave any indication that he was no longer represented, and when the State contacted Williams’s former attorney, the attorney did not inform the State that he was no longer representing Williams. As such, the actions of the State do not rise to the level of bad faith prosecutorial misconduct.
¶ 12. The Mississippi Supreme Court in its 1981 decision, which brought Mississippi’s review of double jeopardy into line with the federal approach for the issue, gave trial judges guidance on how to effectively approach the issue so that the reviewing court could accurately make a determination of whether the trial court’s decision may implicate double jeopardy concerns. The court stated:
Although it may not be necessary in each case to do so, we believe a prudent procedure for any trial court before declaring a mistrial would be to state into the record the reasons for declaring a mistrial. It is in his sound discretion to determine the necessity of declaring a mistrial, and upon any appeal his rea *1008 sons as stated for the record will be accorded the greatest weight and respect by an appellate court.
Jones v. State, 398 So.2d 1312, 1318-19 (Miss.1981).
¶ 13. This protocol was followed in the present case. In determining that it was necessary to grant a mistrial, the trial court stated:
BY THE COURT: All right. The Court wasn’t aware either one of these gentlemen were charged as accessories, and it came out just in the testimony without any prior knowledge by the Court so that the Court could give any type of instructions with respect to their right to testify or not testify and so forth, the warnings that should have been given. Mr. Taylor, the attorney for one of the parties and who has represented the other witness at one time or another, was not here and should have been here, should have been here to represent his client.
So, with great reluctance — and, certainly, I understand these things, you know, do happen, but I’ll grant the motion for a mistrial. I feel like that’s the appropriate thing to do in view of what’s transpired with respect to these witnesses. So, I’ll grant the motion for a mistrial, and the case will be rescheduled for trial at the next term of court.
¶ 14. As the above excerpt demonstrates, the trial court outlined its reasoning for the grant of the mistrial, which was warranted. As such, we find this issue to be without merit.
II. WHETHER THE JURY WAS NOT PROPERLY SWORN.
DISCUSSION
¶ 15. Knox’s next assignment of error is that the jury was never sworn and, thus, a reversal is required. Knox points out that the record does not reflect that the trial judge administered the necessary oath to the jurors after they were selected and before opening statements. We find this issue to be without merit.
¶ 16. Mississippi case law clearly states that even when the trial record does not indicate whether or not the jury was specially sworn, “the presumption is that the trial judge properly performed his duties.... ” Young v. State, 425 So.2d 1022, 1025 (Miss.1983) (quoting Bell v. State, 360 So.2d 1206, 1215 (Miss.1978)). As in Young, the order found in the record presently before us states that the jurors were indeed properly sworn. The order reads as follows:
Thereupon came a jury composed of twelve good and lawful jurors of Jackson County who were empaneled, accepted by both the State and Defendant, who were duly sworn according to law, and after hearing all of the evidence, argument of counsel and received the instructions of the Court and in the charge of sworn officers of the law, retired to consider their verdict.
(emphasis added).
¶ 17. As the order clearly states, the jury was administered the required oath, and in light of the prior case law of the Mississippi Supreme Court, this issue is without merit.
III. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
STANDARD OF REVIEW
¶ 18. It is well-settled law in Mississippi that in order to make a determination that the jury’s verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse that verdict only when it is determined *1009 that the trial court has abused its discretion in failing to grant a new trial. Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss.1998) (citing Herring v. State, 691 So.2d 948, 957 (Miss.1997)). As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper. Id. (citing May v. State, 460 So.2d 778, 781-82 (Miss.1984)).
DISCUSSION
¶ 19. Knox next argues that the jury’s verdict was against the overwhelming weight of the evidence because the State did not prove that Knox did not act in self-defense and that Knox was the only individual who fired a weapon.
¶ 20. At trial, it was established that Knox and his friends were driving around attempting to purchase some marijuana. It was also established that upon approaching a vehicle in which McGill was peering into the trunk, Knox instructed the driver to stop the vehicle. The evidence further showed that McGill was struck by gunshots in a manner that indicated he was facing away from the person who shot him and was possibly running or bent over when struck. These gunshots struck McGill in the head, ankle, and back.
¶ 21. Knox had been struck by McGill with a beer bottle approximately forty-eight hours prior to McGill’s death. Knox raises this issue and argues that the State failed to prove that the shooting was not motivated by Knox’s fear for his safety.
¶ 22. As stated above, it is reasonable for the jury to make the determination that Knox was seeking revenge, as the evidence indicated McGill was trying to flee and the fact that Knox instructed the driver of the vehicle to stop. The jury could reasonably conclude that Knox did not fear for his safety as he initially approached McGill.
¶23. Mississippi law states that matters regarding the weight and credibility accorded the evidence are to be resolved by the jury. Harvey v. State, 875 So.2d 1133, 1136(¶ 18) (Miss.Ct.App.2004) (citing Deloach v. State, 811 So.2d 454(¶ 9) (Miss.Ct.App.2001)). It is the jury’s role to determine the credibility of the witnesses and weigh their testimony. Burge v. Spiers, 856 So.2d 577, 580(¶ 9) (Miss.Ct.App.2003). The jury returned a verdict which was fully supported by the record and fair-minded jurors could have arrived at the same verdict. Therefore, we find this issue to be without merit.
IV. WHETHER KNOX’S SENTENCE CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT.
STANDARD OF REVIEW
¶ 24. Generally, a sentence will not be disturbed on appeal if it does not exceed the maximum term allowed by statute. Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992). However, when a sentence is “grossly disproportionate” to the crime committed, the sentence is subject to attack on the grounds that it violates the Eighth Amendment prohibition of cruel and unusual punishment. Id.
DISCUSSION
¶ 25. Knox argues that due, to his young age, his due process rights have been violated by the statutory construction of Mississippi Code Annotated § 47-5-139(l)(a) (Rev.2004). Knox argues that, because of his age, he has been subjected to greater punishment for his crime than have others sentenced to life at age fifty or older. Mississippi Code Annotated § 47-5-139(l)(a) states as follows:
(1) An inmate shall not be eligible for the earned time allowance if:
(a) The inmate was sentenced to life imprisonment; but an inmate, except an *1010 inmate sentenced to life imprisonment for capital murder, who has reached the age of sixty-five (65) or older and who has served at least fifteen (15) years may petition the sentencing court for conditional release;
Knox contends that the age distinction set forth in the statute subjects a younger individual to a longer punishment, which is cruel and unusual.
¶26. The sentence imposed upon Knox falls within the statutory limits designated by the Mississippi Legislature. As this Court has stated previously, “a sentence should not be disturbed on appeal so long as it does not exceed the maximum allowed by statute.” Davis v. State, 817 So.2d 593, 597(¶ 14) (Miss.Ct.App.2002) (citing Fleming v. State, 604 So.2d 280, 302 (Miss.1992)). As Knox’s sentence is within the statutory limits prescribed by the Mississippi Legislature and it therefore may not be stated to be cruel and unusual. Therefore, this issue is without merit.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
BRIDGES AND LEE, P.JJ., CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J., AND ISHEE, J.