954 So.2d 448 (2006)
Kayo Kinta BOOKER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00026-COA.
Court of Appeals of Mississippi.
November 21, 2006.
Rehearing Denied April 24, 2007.
*449 Kayo Kinta Booker, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before MYERS, P.J., SOUTHWICK and GRIFFIS, JJ.
SOUTHWICK, J., for the Court.
¶ 1. In August 2004, Kayo Kinta Booker entered a guilty plea and was convicted in Yazoo County Circuit Court on two counts of murder. His subsequent motion for post-conviction relief alleged that the prosecutor violated a plea agreement, that counsel was ineffective, and that he did not know the minimum sentence. The motion was dismissed without a hearing. Booker appeals, but we affirm.

DISCUSSION
1. Validity of Guilty Plea
¶ 2. In his motion for post-conviction relief, Booker alleged that he pled guilty because his counsel had frightened him with the prospect that he would get the death penalty if he went to trial. He also alleged that counsel had told him that he would be out on parole in ten years despite the life sentence. In the motion's explanation of the basis for his understanding about an early release from his life sentence, reference is made to an alleged right of an inmate to be released upon reaching sixty-five years of age. See Miss.Code Ann. § 47-5-139(a) (Rev.2004) (Inmate not sentenced to life for capital murder may petition for conditional release when he reaches age sixty-five, if served at least fifteen years). We do not see any mention of Booker's age in the record, but perhaps Booker is old enough that the cited statute has importance to him. He complains that his attorney misled him about release in ten years and also that the State violated a plea agreement regarding sentencing.
¶ 3. There is not in the record any transcript of Booker's guilty plea hearing, nor is there a copy of his petition to plead guilty. Before filing his post-conviction relief motion, Booker had filed a motion to be provided certain records. Included was a request for a transcript of a proceeding of August 2, 2004, which was the date of his guilty plea. The circuit judge stated that the criminal court file had been sent to Booker and consequently the petition for records need not be addressed. The court in the same order stated that there was no transcript of the hearing, and therefore the request for that significant record was effectively denied. The court also referred to what was stated in Booker's plea petition. Presumably the petition was available to the trial court in denying post-conviction relief. Unfortunately, that document was not included in what was submitted as the record for appeal. Booker asked for the transcript and all "motions before and after sentencing" to be included on appeal. It would appear that the court reporter provided everything that was in Booker's post-conviction relief file and copied nothing from the criminal conviction file.
¶ 4. The trial court denied relief based almost entirely on the plea petition. The petition apparently contained sworn assertions denying most if not all of what Booker stated in his request for post-conviction relief. Within the petition was a denial that any agreement had been reached regarding a sentence recommendation, and it further stated that such agreements would *450 not be binding on the trial judge anyway. The petition specifically said that no one had promised him any particular sentence or gave him any expectation about parole.
¶ 5. Booker renews on appeal his request for a transcript of the guilty plea hearing. Under this State's post-conviction relief procedures, there is not an automatic right to a transcript. In one appeal, an inmate who had been denied post-conviction relief had also had denied a request for a transcript. Ford v. State, 708 So.2d 73 (Miss.1998). The Supreme Court upheld the denial of relief in part because the inmate had not presented affidavits supporting his claims, which is a relevant obligation only if there would be witnesses to the allegations. Id. at 75. Booker's own attorney would have been a reasonable source for information about any statements concerning parole or that there had been a plea agreement. Further, a prisoner is entitled to a transcript of previous hearings only if the post-conviction motion withstands summary dismissal. Id. at 76. The Supreme Court found that the motion and the request for a transcript were properly denied because the motion itself had not presented a basis for relief. Id.
¶ 6. The court in Ford relied on this statute: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss.Code Ann. § 99-39-11(2) (Rev.2000). If the trial judge's summary dismissal of Booker's motion was proper based on the lack of substantialness of the motion itself, the failure to provide a transcript is sustainable.
¶ 7. It would have been preferable that the plea petition relied upon by the trial judge have been included in the record. However, the appellant Booker had the burden to ensure the record is adequate to support his claims of error. Latiker v. State, 918 So.2d 68, 75 (Miss.2005). We have the trial judge's summary of the petition, and no statements from Booker on appeal disputing the summary. The petition was found to state that no agreement had been reached regarding a recommended sentence as a result of plea bargaining, that no agreement would be binding on the trial court, and that no one had promised any particular sentence or parole. These sworn statements may be overcome only by evidence. When there would be witnesses to the events that are the basis for the claimed invalidity to the plea, and no affidavits from anyone are provided, the previous sworn assertions by the defendant in court or in a plea petition will stand as the controlling evidence. Gable v. State, 748 So.2d 703, 706 (Miss.1999).
¶ 8. The trial court properly found that no promises regarding parole or a specific lesser sentence had been made to Booker and that his plea was not induced by any such understandings.
2. Ineffective Assistance of Counsel
¶ 9. Booker claims that his counsel rendered ineffective assistance for failing to insist on testimony from a psychiatrist regarding Booker's stability and competence, and by misleading Booker to enter a guilty plea. Booker claims that counsel scared him with the prospect of the death penalty and this resulted in Booker entering a guilty plea.
¶ 10. A claim of ineffective assistance of counsel is reviewed under a two-part inquiry: (1) whether counsel's performance was deficient; and (2) whether that deficiency caused prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice means that the proceedings would *451 have resulted in a different outcome but for the deficiency of counsel. Clemons v. State, 732 So.2d 883, 893 (Miss.1999).
¶ 11. Counsel's advice that a trial could result in a guilty verdict and the death penalty in a prosecution for a capital crime does not support an argument of ineffectiveness. Hill v. State, 388 So.2d 143, 146 (Miss.1980) (citing Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). An attorney has a duty to inform a client facing criminal charges of possible outcomes of conviction.
¶ 12. Questions about Booker's mental competence are discussed at some length in his post-conviction filings. He alleges that he was incompetent, and that a psychiatric examination and testimony would have proved that to the jury. Booker mentions in a supplemental post-conviction motion that a doctor examined him at the Yazoo County jail and found various mental deficiencies, including that he had paranoid delusions. The motion also asserts that the circuit judge had Booker transported to a hospital in Jackson, Mississippi for evaluation prior to his trial. Booker alleges that at his guilty plea, the prosecutor introduced a document from the evaluating psychiatrist in Jackson. Booker implicitly admits that the report found him competent, and only argues that it was error not to have the doctor himself testify.
¶ 13. We conclude that there is no evidence or even assertion in Booker's post-conviction pleadings that requires that issues regarding his mental competence be re-examined, and especially nothing to cause us to find ineffective assistance of his counsel regarding the issue.
¶ 14. Booker has failed to point to any deficiency by his counsel. The other component, that he was prejudiced by counsel's shortcomings, therefore has also not been shown. The trial judge was justified in denying relief based on supposed ineffective assistance of counsel.
3. Illegal Sentence / Knowledge of Minimum Sentence
¶ 15. Booker argued in his motion that he never knew the minimum sentence, and he also appears to assert that the life sentence was somehow illegal. His conviction for murder contained a mandatory sentence of life imprisonment, thus constituting the minimum and maximum. Miss. Code Ann. § 97-3-21 (Rev.2006). In Booker's motion, he admitted that he knew he would be sentenced to life imprisonment. Whether he was told that he would be eligible for parole continues to be a point of contention. We have addressed already that his plea petition explicitly acknowledged that there were no promises regarding parole, and even had some promises been made, they would not be binding on the court.
¶ 16. We conclude that Booker's own motion reveals that he knew the sentence he would get, which in fact was the minimum and maximum. Alleged understandings regarding parole are disproved by his sworn plea petition. Booker did not present a basis to set aside his guilty plea.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.