ISHEE, J., for the Court.
¶ 1. In June 1999, Maurice Gray was found guilty in the Circuit Court of Bolivar County of murder and aggravated assault. Gray was sentenced to serve a term of life imprisonment for the murder charge and twenty years’ imprisonment for the aggravated assault charge, with the sentences to be served in the custody of the Mississippi Department of Corrections. His convictions and sentences were affirmed by this Court in November 2002, Gray v. State, 846 So.2d 260 (Miss.Ct.App.2002). After seeking and receiving permission from the Mississippi Supreme Court to proceed, Gray filed a motion for post-conviction relief with the Circuit Court of Bolivar County, alleging that he had received ineffective assistance of counsel. After a hearing on the merits, his motion for post-conviction relief was denied by the circuit court. Finding no error, we affirm the judgment of the circuit court.
STANDARD OF REVIEW
¶ 2. When evaluating a circuit court’s decision to deny a petition for post-conviction relief, this Court will not reverse its findings unless the “decision was clearly erroneous.” Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002) (citing Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999)). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
ANALYSIS
¶ 3. Gray asserts that he was denied effective assistance of counsel at the circuit *309 court level claiming that his trial counsel, Johnnie E. Walls, Jr., failed to: (1) adequately prepare his defense, (2) file a motion for change of venue, (3) raise a timely Batson challenge during jury selection, and (4) in general, make proper objections during trial and preserve his right to appeal when filing post-trial motions.
¶ 4. Claims for ineffective assistance of counsel are reviewed under the two-prong test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). Stevenson v. State, 798 So.2d 599, 601-02(¶ 5) (Miss.Ct.App.2001). The “test is applied with deference to counsel’s performance, considering the totality of the circumstances.” Id. at 602(¶ 6). In order to prevail, petitioner must prove that: (1) counsel’s performance was deficient, and (2) that deficiency caused prejudice to the petitioner.[1] Booker v. State, 954 So.2d 448, 450(¶ 10) (Miss.Ct.App.2006).

(1) Failure to Adequately Prepare

¶ 5. Gray asserts that Walls was inadequately prepared to defend his case, claiming that: (1) Walls only met with him twice prior to trial; (2) he failed to transcribe an audiotape of a preliminary hearing; and (3) he failed to seek a plea agreement. At the evidentiary hearing, Walls refuted each of these allegations.
¶ 6. Gray first complains that Walls only met with him twice prior to trial. Walls testified that he does not remember exactly how many times he met with Gray, but he knew it was more than twice. According to Walls, they reviewed the discovery and discussed the case until Walls felt comfortable with Gray’s understanding of the trial and his potential testimony if he chose to testify. Walls also said that while preparing for trial, he met with Gray’s parents, girlfriend, and witnesses on numerous occasions, and the record shows that Walls subpoenaed various witnesses for trial.
¶7. Gray’s second complaint is that Walls failed to transcribe an audiotape of a preliminary hearing that was allegedly given to him by Gray’s previous attorney, Josh Bogen. Walls testified that he remembered discussing the tape with Bogen, but he did not recall having ever actually received it. Bogen submitted an affidavit confirming that while representing Gray, he recorded Gray’s preliminary hearing. Bogen was later discharged by Gray; however, according to Bogen’s affidavit, “[t]o the best of [his] recollection, [he] turned over the tape recording of Maurice Gray’s preliminary hearing to Mr. Walls after he took over the representation of Mr. Gray.” Therefore, it is unclear if Walls ever had the tape in his possession.
¶ 8. Gray’s third complaint regarding his counsel’s allegedly inadequate preparation accuses Walls of failing to seek a plea bargain. In contrast, Walls insists that he discussed the possibility of a plea bargain with the State and that opposing counsel made it very clear they would not make such an offer in this case.
¶ 9. For the foregoing reasons, we are in agreement with the circuit court that the record indicates Walls thoroughly investigated the case and was adequately prepared for trial. Gray’s allegations do not withstand the Strickland analysis. Therefore, the issue is without merit.

*310
(2) Failures Relating to Counsel’s Trial Strategy

¶ 10. Gray also asserts that Walls’s representation was ineffective based on his alleged failures to file any pretrial motions, make proper objections during trial, preserve Gray’s right to appeal when filing post-trial motions, and make a timely Batson challenge.
¶ 11. It is well settled that “there is a strong but rebuttable presumption that an attorney’s performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic.” Stevenson, 798 So.2d at 602(¶ 6). The defendant may overcome this presumption if they are able to demonstrate “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Plummer v. State, 966 So.2d 186, 190(¶ 13) (Miss.Ct.App.2007) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2062). However, “[w]ith respect to the overall performance of the attorney, counsel’s choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy and cannot give rise to an ineffective assistance of counsel claim.” Jackson v. State, 815 So.2d 1196, 1200(¶ 8) (Miss. 2002) (internal quotation omitted). Similarly, we have held that “[t]he decision to make or not make a Batson challenge falls within trial counsel’s trial strategy and the wide latitude given him, to which appellate courts must defer.” Walker v. State, 823 So.2d 557, 565(¶ 23) (Miss.Ct.App.2002) (quoting Hall v. State, 735 So.2d 1124, 1128(¶ 12) (Miss.Ct.App.1999)).
¶ 12. While testifying at the evidentiary hearing, Walls explained that the decisions he made while representing Gray were strategic. His testimony is supported by the record, which shows that Walls filed a motion for discovery and made numerous objections to matters throughout the trial. Gray thought that Walls should have requested to sever the charges and to change venue. Walls countered that he did not think the charges would be severed given that the murder and aggravated assault for which Gray was charged occurred at exactly the same time and location. Walls also discussed the option with Gray and his family of moving to a different venue, but Walls did not think Gray would be unfairly prejudiced in Bolivar County by the pretrial publicity because only three jurors from the panel of thirty-nine said they had previously heard about the case when asked during voir dire. With regard to his alleged failure to raise a Batson challenge, Walls believed the jury, which consisted of seven African Americans and five Caucasians, was a fair racial and gender mix for that county. He actually did raise a Batson challenge, but it was after the State challenged one of his strikes. Finally, Walls asserted, and the record shows, that he did make timely objections to the issues which he felt had merit. Again, we agree with the circuit court and find that Walls’s performance fell well within the range of reasonable professional assistance. There was no wrongdoing or negligence on the part of Walls. This issue is without merit.
¶ 13. In reviewing the record, it is clear that Gray failed to meet the requirements set forth by Strickland regarding any of Walls’s alleged deficiencies. Accordingly, we affirm the circuit court’s ruling that Walls’s performance was more than adequate and find that Gray’s claim that he received ineffective assistance of counsel is wholly without merit.
¶ 14. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED.
*311 ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.

. The term 'prejudice” is defined as meaning "that the proceedings would have resulted in a different outcome but for the deficiency of counsel.” Booker v. State, 954 So.2d 448, 450—51 (¶ 10) (Miss.Ct.App.2006).