MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Jon Kurrie Peterson filed a pro se “Motion to Vacate Judgment and Sentence or in the Alternative Motion for New Trial with Brief in Support” in the Circuit Court of Harrison County on April 22, 2008. The circuit court took Peterson’s motion as one for post-conviction relief and dismissed it for want of jurisdiction, citing Mississippi Code Annotated section 99-39-7 (Rev.2007), which requires that a prisoner, whose conviction and sentence have been affirmed on appeal, must seek leave of the supreme court before filing a motion for post-conviction relief in the trial court. Peterson now appeals that judgment, asserting numerous errors. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. Peterson was convicted of murder and arson on April 19, 1996. His conviction was appealed to the supreme court, and this court affirmed it on March 9, 1999.
 
 Peterson v. State,
 
 740 So.2d 940 (Miss.Ct.App.1999). Since then, Peterson apparently sought post-conviction relief in the trial court, which was dismissed for failure to secure leave of the supreme court. He then sought leave of the supreme court, under cause number 2002-M-01410, which was denied. In 2008, Peterson again sought leave, this time under cause number 2008-M-01322, but it was again denied.
 
 [1]
 

 ¶ 3. Undeterred by the supreme court’s refusal to grant him permission to do so, Peterson filed the instant motion in the trial court, which was dismissed for want of jurisdiction.
 

 DISCUSSION
 

 ¶ 4. Mississippi Code Annotated section 99-39-7 states in pertinent part:
 

 [A motion seeking post-conviction relief] shall be filed as an original civil action in the trial court, except in cases in which the prisoner’s conviction and sentence have been appealed to the supreme court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi, convened for said purpose either in term-time or in vacation, and an order granted allowing the filing of such motion in the trial court.
 

 A prisoner whose conviction and sentence have been affirmed on appeal must therefore seek leave of the supreme court to proceed on post-conviction relief in the trial court. Absent such permission, the trial court is without jurisdiction to hear a motion for post-conviction relief.
 
 Perry v. State,
 
 759 So.2d 1269, 1270(¶ 6) (Miss.Ct.App.2000).
 

 ¶ 5. It is clear from the record that the trial court properly took Peterson’s “Motion to Vacate Judgment and Sentence or in the Alternative Motion for New Trial with Brief in Support” as a motion for post-conviction relief. As Peterson did not secure leave of the supreme court to proceed in the trial court, the trial court was
 
 *669
 
 without jurisdiction to entertain Peterson’s motion, and the trial court properly dismissed it for that reason.
 

 ¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . We note that the supreme court warned Peterson that he might be subject to sanctions under Mississippi Rule of Appellate Procedure 22(a) if he persisted in filing frivolous motions before that court.