BARNES, J.,
for the Court:
¶ 1. Jon Peterson was convicted of murder and arson by a Harrison County Circuit Court jury on April 19, 1996. For the murder conviction, Peterson was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections (MDOC). He was sentenced to three years in MDOC custody for the arson conviction, with his sentences to run consecutively.[1]
¶ 2. On July 8, 2011, Peterson filed a petition for parole or conditional release from prison, claiming that he has been a “model inmate” during his incarceration and that he should be eligible for parole. While the Harrison County Circuit Court commended Peterson on his rehabilitation efforts while in custody, it denied the petition, stating that Mississippi Code Annotated section 47-5-139(l)(a) (Rev.2011) precludes Peterson from parole eligibility. The applicable portion of the statute states:
(1) An inmate shall not be eligible for the earned time allowance if:
(a) The inmate was sentenced to life imprisonment; but an inmate, except an inmate sentenced to life imprisonment for capital murder, who has reached the age of sixty-five (65) or older and who has served at least fifteen (15) years may petition the sentencing court for conditional released]
Id. Peterson appeals, arguing these statutory requirements, which make him ineligible for parole, violate his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the comparative portions of the Mississippi Constitution. Finding no merit to Peterson’s arguments, we affirm the circuit court’s denial of his petition.
DISCUSSION AND ANALYSIS
¶ 3. Although Peterson presents four issues on appeal, all of the issues concern whether Mississippi Code Annotated 47-5-139(l)(a) is discriminatory toward younger inmates and whether the statute violates Peterson’s constitutional rights. Therefore, for clarity purposes, we will condense his arguments into one issue.
¶ 4. Peterson was only twenty-three years old when he was convicted and has served over fifteen years of his sentence in MDOC custody. Peterson argues that section 47-5-139(l)(a), which allows an inmate who has reached sixty-five years of age and who has served fifteen years to be eligible for parole, unfairly requires a younger prisoner to serve a longer sentence than an older prisoner. He claims *1070 this disparity in the statute is discriminatory, constitutes cruel and unusual punishment, and violates his rights to due process and equal protection under the law.
¶ 5. “[Pjarole eligibility is a matter of legislative grace, and the grant or denial of parole is entirely at the discretion of the Parole Board.” Rochell v. State, 36 So.3d 479, 482 (¶ 9) (Miss.Ct.App.2010) (quoting Garlotte v. State, 915 So.2d 460, 466 (¶ 19) (Miss.Ct.App.2005)). Therefore, the Harrison County Circuit Court had no authority to grant Peterson parole. However, since Peterson’s petition asserted that the parole statute was unconstitutional, the circuit court had jurisdiction over his claims. See id. (holding that “the [circuit] court may assert jurisdiction over those claims which raise constitutional issues.” (citing Mack v. State, 943 So.2d 73, 76 (¶ 8) (Miss.Ct.App.2006))).
¶ 6. “Prisoners have no constitutionally recognized liberty interest in parole.” Hopson v. Miss. State Parole Bd., 976 So.2d 973, 975 (¶ 6) (Miss.Ct.App.2008) (citing Mack, 943 So.2d at 75 (¶ 6)). The Mississippi Supreme Court has previously addressed the issue submitted by Peterson in Martin v. State, 871 So.2d 693 (Miss.2004). Like Peterson, Sam Martin was sentenced to life imprisonment for murder and claimed that section 47-5-139(l)(a) was unconstitutional since his young age would require him to serve thirty-five years, “whereas, someone who was sentenced at the age of 50 would only have to serve 15 years before being given the opportunity to petition for conditional release.” Martin, 871 So.2d at 702 (¶ 32). Although finding Martin’s argument was not ripe for appeal, the supreme court did conclude: “Section 47-5-139 is not viola-tive of Martin’s due process and equal protection rights by specifying criteria to consider in determining which inmates may or may not be considered for earned time allowance.” Id. at (¶ 33); see also Magee v. State, 914 So.2d 729, 737-38 (¶¶ 21, 22) (Miss.Ct.App.2005) (rejecting defendant’s argument that section 47-5-139 violates his due process and equal protection rights under the Constitution); Knox v. State, 912 So.2d 1004, 1009-10 (¶¶ 25, 26) (Miss.Ct.App.2005) (Prisoner’s claim that the age distinction for parole eligibility in section 47-5-139(l)(a) constitutes “cruel and unusual” punishment “is without merit”).
¶ 7. Our precedent on this issue is clear; the statutory requirements of section 47-5-139(l)(a) do not constitute a violation of Peterson’s constitutional rights. Accordingly, we affirm the circuit court’s denial of Peterson’s petition.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ, CONCUR. ROBERTS, J, CONCURS IN PART AND IN THE RESULT.

. Peterson's convictions and sentences were affirmed by this Court on direct appeal. See Peterson v. State, 740 So.2d 940 (Miss.Ct.App.1999). Two subsequent petitions for post-conviction relief, one in 2002 and one in 2008, have been denied by the Harrison County Circuit Court. Peterson also filed a motion to vacate judgment, which the circuit court treated as a motion for post-conviction relief and dismissed for lack of jurisdiction since he failed to obtain leave from the Mississippi Supreme Court. We affirmed the circuit court’s dismissal in Peterson v. State, 28 So.3d 667, 669 (¶ 6) (Miss.Ct.App.2009).