# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01602-COA

**JACK PATRICKSON A/K/A JACK B.**
**PATRICKSON A/K/A JACK BENJAMINE**
**PARTRICKSON A/K/A PATRICKSON**
**BENJAMINE JACK A/K/A PATRICKSON JACK**
**A/K/A PATRICKSON B. JACK**

APPELLANT

**v.**

**STATE OF MISSISSIPPI**

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/20/2016 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JACK PATRICKSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA MCCLINTON |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/09/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., FAIR AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this appeal, we must determine whether the trial court properly denied Jack Patrickson's request for an out-of-time appeal via a motion for postconviction relief (PCR) as time-barred.  Finding no error, we affirm.

## PROCEDURAL HISTORY

¶2.     On January 18, 2012, a jury in the Rankin County Circuit Court found Patrickson guilty of sexual battery.  On January 26, 2012, the trial court sentenced Patrickson to thirty years, with ten years suspended and twenty years to serve in the custody of the Mississippi

Department of Corrections, and five years of supervised probation. Patrickson was also required to register as a sex offender upon his release from incarceration.

¶3. Patrickson did not file a direct appeal. In July 2014, Patrickson filed a motion requesting the record and trial transcript from his case, but the trial court denied the motion. Over the next two years, Patrickson filed three more motions—one regarding his parole eligibility, one requesting the appointment of appellate counsel, and the other for reconsideration of his sentence—but all were denied. On September 29, 2016, Patrickson filed a motion for an out-of-time appeal. He also requested a copy of the trial transcript and appointment of appellate counsel. Treating this as a PCR motion, the trial court denied it for two reasons—the three-year time-bar under Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) and Patrickson's lack of sufficient explanation for the delay in filing a direct appeal.

¶4. Patrickson now appeals, asserting the following issues: (1) he is entitled to an out-of-time appeal; (2) his trial counsel was ineffective; and (3) he is entitled to appellate counsel due to his indigent status.

## STANDARD OF REVIEW

¶5. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

## I. Out-of-Time Appeal

¶6. Patrickson's PCR motion is procedurally barred by the three-year statute of limitations in section 99-39-5(2). Since Patrickson failed to file a direct appeal, he had to file his PCR motion "within three (3) years after the time for taking an appeal from the judgment of conviction or sentence ha[d] expired." *Id*. Patrickson filed his PCR motion over three years after he was convicted and sentenced. And claims relating to an out-of-time appeal are "subject to the three-year statute of limitations." *Balle v. State*, 205 So. 3d 1087, 1088 (¶2) (Miss. Ct. App. 2016). Patrickson has not pointed to any applicable exception to the three-year limitation in section 99-39-5(2). To circumvent these procedural bars, Patrickson must assert a cognizable claim involving the violation of a fundamental constitutional right. *See Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). He has not done so; thus, this issue is without merit.

## II. Ineffective Assistance of Counsel

¶7. Ineffective-assistance claims are also subject to the procedural bars of the Uniform Postconviction Collateral Relief Act (UPCCRA), unless the "attorney's performance is so deficient and prejudicial to a defendant, that it is deemed to be violative of the defendant's fundamental constitutional rights." *Thomas v. State*, 933 So. 2d 995, 997 (¶4) (Miss. Ct. App. 2006). Here, Patrickson argues his trial counsel was ineffective for failing to: file a notice of appeal; object to improper evidence; conduct a pretrial investigation; submit jury instructions; and file posttrial motions. However, "[t]here must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *White v. State*, 59

3

So. 3d 633, 636 (¶11) (Miss. Ct. App. 2011). Also, "a defendant must plead claims of ineffective assistance of counsel with specificity, and the claim must be supported by affidavits other than his own." *McBride v. State*, 108 So. 3d 977, 980 (¶11) (Miss. Ct. App. 2012). Patrickson's claims are mere assertions and insufficient to overcome the procedural bar. Additionally, Patrickson has failed to include any supporting affidavits. This issue is without merit.

### III. Appointment of Appellate Counsel

¶8. Patrickson argues that the trial court erred in denying his request for appointed appellate counsel. However, "a criminal defendant has neither a state nor a federal constitutional right to appointed counsel in post-conviction proceedings." *Watts v. State*, 981 So. 2d 1034, 1037 (¶6) (Miss. Ct. App. 2008). We cannot find the trial court abused its discretion in denying Patrickson's request. This issue is without merit.

¶9. **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**