# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00842-COA

MAURICE GRAY                                                  APPELLANT

v.

STATE OF MISSISSIPPI                                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/19/2017 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH III |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MAURICE GRAY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA MCCLINTON |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 03/26/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

TINDELL, J., FOR THE COURT:

¶1.     Maurice Gray appeals the judgment of the Bolivar County Circuit Court, Second Judicial District, which denied his "Petition for Conditional Release." Finding no error, we affirm.

## FACTS

¶2.     In June 1999, a jury convicted Gray, who was then eighteen years old, of murder and aggravated assault. *Gray v. State*, 846 So. 2d 260, 261 (¶1) (Miss. Ct. App. 2002). The circuit court sentenced Gray to concurrent sentences of life imprisonment for murder and twenty years for aggravated assault, both in the custody of the Mississippi Department of

Corrections (MDOC). *Id.* In November 2002, this Court affirmed Gray's convictions and sentences on direct appeal. *Id.* After receiving permission from the Mississippi Supreme Court, Gray filed a motion for postconviction relief (PCR) and asserted an ineffective-assistance-of-counsel claim. *Gray v. State*, 13 So. 3d 307, 308 (¶1) (Miss. Ct. App. 2008). After an evidentiary hearing, the circuit court denied Gray's motion. *Id.* On appeal, this Court affirmed the denial of Gray's PCR motion. *Id.*

¶3.     In 2011, Gray sought leave from the supreme court to file a second PCR motion. The supreme court entered an order dismissing Gray's application as successive-writ barred. The supreme court further warned Gray that "any future frivolous filings" might subject him to sanctions under Mississippi Rule of Appellate Procedure 22(a).

¶4.     On January 20, 2017, Gray filed a "Petition for Conditional Release" in the circuit court. Relying on Mississippi Code Annotated section 47-5-139(1)(a) (Rev. 2015), Gray argued he should be eligible for conditional release on his sentence of life imprisonment. Section 47-5-139(1)(a) provides that an inmate is ineligible for earned-time allowance if "[t]he inmate was sentenced to life imprisonment . . . ." The statute further states, however, that "an inmate, except an inmate sentenced to life imprisonment for capital murder, who has reached the age of sixty-five (65) or older and who has served at least fifteen (15) years may petition the sentencing court for conditional release . . . ." *Id.* Although acknowledging he failed to meet section 47-5-139(1)(a)'s age requirement, Gray claimed that he should still be eligible for conditional release because he had served eighteen years of his life sentence. Gray further asserted that to deny him conditional release because he was not yet sixty-five

2

years old violated his right to equal protection under the law without a rational relationship to a legitimate state interest.

¶5. On May 18, 2017, the circuit court entered an order denying Gray's petition. Despite the title of Gray's petition, the circuit court treated his filing as a PCR petition. Acknowledging Gray's own admission that he failed to meet section 47-5-139(1)(a)'s age requirement for conditional release, the circuit court concluded that Gray's petition lacked any basis under the statute. The circuit court also cited Mississippi Code Annotated section 99-39-27(9) (Rev. 2015) and found that Gray's petition failed to meet any of the statute's identified exceptions to a successive writ. Although the circuit court concluded Gray's filing was frivolous, the court withheld sanctions "in the hope that [Gray would] . . . heed this warning . . . and refrain from wasting" further judicial resources.

¶6. Aggrieved by the circuit court's denial of his petition, Gray appeals. Following Gray's filing of his appeal, the State moved to dismiss for lack of jurisdiction. The State argued the circuit court lacked jurisdiction to consider Gray's petition because Gray failed to first obtain the supreme court's leave to file the petition under Mississippi Code Annotated section 99-39-7 (Rev. 2015). The State further contended that the circuit court's lack of jurisdiction over Gray's petition deprived this Court of jurisdiction over Gray's appeal. The supreme court ordered that the State's motion be passed for consideration along with the merits of Gray's appeal.

**STANDARD OF REVIEW**

¶7. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only

3

disturb the trial court's decision if it is clearly erroneous . . . ." *Patrickson v. State*, 242 So. 3d 939, 940-41 (¶5) (Miss. Ct. App. 2018). However, we review questions of law de novo. *Williams v. State*, 248 So. 3d 910, 913 (¶8) (Miss. Ct. App. 2018).

## DISCUSSION

¶8. Upon review, we find Gray's petition presented not so much an attempt to collaterally attack his convictions and sentences but something more closely resembling a challenge to his parole-eligibility status. Our caselaw establishes that a PCR motion provides a proper avenue for challenging a determination of parole eligibility. *Keys v. State*, 67 So. 3d 758, 759-60 (¶¶6-9) (Miss. 2011); *Sinko v. State*, 192 So. 3d 1069, 1072-73 (¶9) (Miss. Ct. App. 2016). As previously discussed, the circuit court did in fact treat Gray's petition as one for PCR. Because this Court previously affirmed Gray's convictions and sentences on direct appeal, statutory law requires Gray to obtain the supreme court's permission before filing a PCR petition in the circuit court. Miss. Code Ann. § 99-39-7. As the State correctly pointed out in its motion to dismiss, though, Gray never obtained such permission before filing his latest petition. Even so, we deny the State's motion to dismiss. While the circuit court lacked authority to grant the conditional release Gray requested in his petition, the court clearly retained jurisdiction over his challenge to the constitutionality of section 47-5-139(1)(a)'s age requirement. *See Peterson v. State*, 119 So. 3d 1068, 1070 (¶5) (Miss. Ct. App. 2012) (recognizing that "the grant or denial of parole is entirely at the discretion of the Parole Board" but that the circuit court may assert jurisdiction over claims that raise constitutional issues).

¶9. According to Gray's argument on appeal, section 47-5-139(1)(a)'s age requirement denies him equal protection under the law because it treats "similarly situated inmates differently without a rational relationship to a legitimate state interest." Gray therefore asks this Court to reverse the circuit court's judgment and to allow him to proceed with his petition in circuit court.[1]

¶10. Despite Gray's contentions, Mississippi precedent clearly establishes that "the statutory requirements of section 47-5-139(1)(a) do not constitute a violation of . . . [a defendant's] constitutional rights." *Peterson*, 119 So. 3d at 1069 (¶7). In *Peterson*, this Court addressed an almost identical argument to Gray's claim. Peterson filed a petition for parole or conditional release from prison on the basis of section 47-5-139(1)(a). *Peterson*, 119 So. 3d at 1069 (¶2). Peterson contended the statute's age requirement, which made him ineligible for parole or conditional release, "violate[d] his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the comparative portions of the Mississippi Constitution" because the statute "unfairly require[d] a younger prisoner to serve a longer sentence than an older prisoner." *Id.* at (¶¶2, 5). Citing prior Mississippi cases that concluded otherwise, this Court affirmed the circuit court's denial of Peterson's petition. *Id.* at (¶¶6-7).

**CONCLUSION**

¶11. Because Mississippi caselaw holds that section 47-5-139(1)(a)'s requirements fail to

---

[1] Gray also filed a supplemental appellate brief arguing that he is entitled to a new sentencing hearing based upon the ruling of *Cruz v. United States*, No. 11-CV-787 (JCH), 2018 WL 1541898 (D. Conn. Mar. 29, 2018). However, since Gray himself acknowledges that *Cruz* is not binding upon this Court, we decline to further address this argument.

5

violate a defendant's constitutional rights, we find no error in the circuit court's denial of Gray's petition. We therefore affirm the circuit court's judgment.[2] In so doing, we deny the State's motion to dismiss.

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

_____

[2] *See Davis v. City of Jackson*, 240 So. 3d 381, 384 (¶13) (Miss. 2018) ("[A]n appellate court may affirm a trial court if the correct result is reached, even if the trial court reached the result for a different reason.").