# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-00347-COA

**BRANDON SPRALLS**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

DATE OF JUDGMENT:           02/17/2023
TRIAL JUDGE:                HON. WILLIAM HUNTER NOWELL
COURT FROM WHICH APPEALED:  COAHOMA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     OFFICE OF STATE PUBLIC DEFENDER
                            BY: MOLLIE MARIE McMILLIN
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                            BY: BARBARA WAKELAND BYRD
DISTRICT ATTORNEY:          BRENDA FAY MITCHELL
NATURE OF THE CASE:         CRIMINAL - FELONY
DISPOSITION:                AFFIRMED - 05/28/2024
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     On February 16, 2023, Brandon Spralls was convicted of one count of burglary of an automobile by a Coahoma County Circuit Court jury. The circuit court judge sentenced Spralls to four years in the custody of the Mississippi Department of Corrections, with two years suspended, two years to serve, and two years of probation. Spralls filed a motion for judgment notwithstanding the verdict, which the circuit court denied. Spralls appealed his conviction. On appeal, Spralls's appointed counsel filed a *Lindsey* brief.[1] Finding no reversible error after a thorough and independent review of the record, we affirm.

---

[1] *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

## FACTUAL BACKGROUND

¶2. On August 1, 2021, Dhane Burton was working late cutting the grass at Clarksdale Hospital when he noticed something odd with his trailer. He drove his mower back to his truck and saw two men in his truck as he approached. Burton told the jury that "one was in the front, and one was in the back" and fled. The truck had a smashed window, and Burton's personal belongings were outside of the truck. Burton told police the men were wearing dark hoodies, and he witnessed them running "to the south of the building." The police set up a perimeter to conduct a search of the area and found Spralls a short distance from the crime scene. He was lying on the ground behind a tree, sweating and wet, wearing a dark hoodie. Burton testified that a week after the incident, he was cutting grass in the area where Spralls had been found when he discovered more of his personal items.

¶3. Police interviewed Spralls the night he was arrested. The police officer testified that Spralls admitted to being present when "Kentavious Nolan . . . actually broke into the vehicle and took items from the vehicle." Spralls told police he had been present but had not been in the vehicle despite Burton telling authorities he had seen two men in his truck. The jury returned a guilty verdict of auto burglary in violation of Mississippi Code Annotated section 97-17-33 (Rev. 2020).

## ANALYSIS

¶4. In *Lindsey*, 939 So. 2d at 748 (¶18), the Mississippi Supreme Court established the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on

appeal." In this case, Spralls's appointed appellate counsel complied with that procedure and certified there were no arguable issues for appeal. Spralls's appellate counsel also certified in her brief that she "mailed by first class, postage prepaid, a copy" of the brief filed in this court, the trial transcript, and a letter "informing Spralls" that counsel found "no arguable issues in the record" and that "Spralls has a right to file a pro se brief." This Court also entered an order granting Spralls time to file a pro se brief. Spralls did not file a brief.

¶5. Following a review of the record with a clear understanding that the jury determines the factual issues in dispute and judges the credibility of the witnesses, this Court finds that the State presented sufficient evidence to support Spralls's conviction. *Knox v. State*, 912 So. 2d 1004, 1009 (¶23) (Miss. Ct. App. 2005) (citing *Harvey v. State*, 875 So. 2d 1133, 1136 (¶18) (Miss. Ct. App. 2004)). In addition, this Court has "conducted an independent and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015). Therefore, Spralls's conviction and sentence are **AFFIRMED**.

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**