# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-01123-COA

**NICHOLAS R. WAGNER A/K/A NICHOLAS ROBERT WAGNER**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:                 09/28/2023
TRIAL JUDGE:                            HON. LISA P. DODSON
COURT FROM WHICH APPEALED:   HANCOCK COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                                              BY: ZAKIA BUTLER CHAMBERLAIN
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                                              BY: JULIANNE KAY BAILEY
DISTRICT ATTORNEY:               WILLIAM CROSBY PARKER
NATURE OF THE CASE:             CRIMINAL - FELONY
DISPOSITION:                          AFFIRMED - 12/10/2024
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.    On August 25, 2023, Nicholas Wagner was found guilty of felony aggravated domestic violence. The circuit court sentenced Wagner to twenty years, with eight years suspended, leaving twelve years to serve in the custody of the Mississippi Department of Corrections, and three years of post-release supervision. Wagner filed a motion for judgment notwithstanding the verdict or, alternatively, a new trial, which the circuit court denied. Wagner appealed his conviction. On appeal, Wagner's counsel filed a *Lindsey* brief.[1] After

---

[1] *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

a thorough and independent review of the record, we find no arguable issue for appeal and affirm.

## FACTUAL BACKGROUND

¶2.     On September 28, 2020, Nicholas Wagner and his then-girlfriend Lauren Marshall got into an argument. The argument led to a physical altercation. At trial, Lauren testified that Wagner "lifted [her] up off the bed, pinned [her] up against the wall, then slammed [her] onto the floor and proceeded to hold [her] neck for about 15 seconds." Lauren testified that she thought she "was going to die." He then slammed her onto the ground and "dragged [her] by [the] ankles" and "hair" to the bathroom, where "he poured Fabuloso cleaning fluid all over [her] face and [her] head" in an effort to get her to stop screaming. Lauren also testified that he "nick[ed] [her] thigh with" an axe and threatened that "he should cut [her] up and put [her] into little pieces and throw [her] in the dumpster out back."

¶3.     Wagner testified that he took "crystal methamphetamine" on the day of the altercation and had taken LSD 24 hours before the altercation. He testified that his drug use could have made him lose control of himself on September 28 "for a moment." He testified that he does not "remember dragging" Lauren by the feet, but he does "remember grabbing her by her hair." He testified that he "put [his] hands around her neck and . . .squeezed" because he was "extraordinarily pissed off." He also testified that he put Fabuloso on her head and "put [an axe] up to her, like . . . I could kill you . . . with this, right now and it would be that easy." The jury returned a guilty verdict of "Felony Domestic Violence-Aggravated Assault" in violation of Mississippi Code Annotated section 97-3-7(4) (Rev. 2020).

2

## ANALYSIS

¶4.     In *Lindsey*, 939 So. 2d at 748 (¶18), the Mississippi Supreme Court established the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." This procedure mandates that appellate counsel "file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)]" and certify that

> there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Id.* Further, defendant's counsel must send a copy of his or her brief to the defendant to inform the defendant that no appealable issues were found, and counsel must notify the defendant of his right to file a pro se brief. *Id.* The appellate court must then determine if there is any arguable issue based on its review of the record and any pro se brief filed, and, if so, require supplemental briefing. *Id.*

¶5.     In this case, Wagner's counsel complied with the *Lindsey* procedure and certified that there were no arguable issues for appeal. Wagner's counsel also certified in the brief that she "mailed by first class, postage prepaid, a copy" of the brief filed in this Court, the trial transcript, and a letter "informing Wagner" that counsel found "no arguable issues in the record" and that he "has a right to file a *pro se* brief." This Court entered an order granting Wagner time to file a pro se supplemental belief, but he did not do so.

¶6. After a review of the record and a clear understanding that the jury determines the factual issue in dispute and the credibility of the witnesses, this Court finds that the State presented sufficient evidence to support Wagner's conviction. *Knox v. State*, 912 So. 2d 1004, 1009 (¶23) (Miss. Ct. App. 2005) (citing *Harvey v. State*, 875 So. 2d 1133, 1136 (¶18) (Miss. Ct. App. 2004)). This Court has "conducted an independent and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015). Therefore, Wagner's conviction and sentence are **AFFIRMED**.

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**