759 So.2d 1269 (2000)
Robert PERRY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CA-00609-COA.
Court of Appeals of Mississippi.
May 30, 2000.
Leslie D. Roussell, Laurel, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. In 1992 Robert Perry was convicted of murder. His conviction was affirmed by the supreme court in 1995. In 1997 he filed both in circuit court and in the supreme *1270 court an application for leave to proceed with post-conviction relief. Both applications were denied. In late 1998, Perry filed a motion in circuit court for leave to proceed with an out-of-time appeal. The trial court found that it had no jurisdiction. We agree and dismiss the appeal Perry has taken from that decision.

FACTS
¶ 2. On October 5, 1992, Robert Perry was convicted in Perry County Circuit Court of the murder of Scott Shoemake. He was sentenced to life in prison. His conviction and sentence were affirmed by the supreme court on November 30, 1995. On July 18, 1997, Perry filed a pro se application for leave to proceed with a petition for post conviction relief in both Perry County Circuit Court and the supreme court. Both courts denied this application, the trial court on July 29, 1997, and the supreme court on September 24, 1997.
¶ 3. On November 30, 1998, having obtained the services of counsel, Perry filed in Perry County Circuit Court a motion for leave to proceed with an out-of-time appeal. On March 31, 1999, the circuit court issued an order denying the motion on the basis that jurisdiction over the relief sought was in the supreme court, not in the circuit court. Perry then appealed to this Court from the circuit court's order.

DISCUSSION
¶ 4. The only issue that Perry raises is whether the circuit court had jurisdiction to consider his request for an out-of-time appeal.
¶ 5. When Perry appealed his case on the merits to the supreme court in 1995, and the supreme court affirmed the conviction and sentence, jurisdiction for the purpose of post-conviction relief vested in the supreme court. Mississippi's Uniform Post-Conviction Collateral Relief Act states:
The motion under this chapter shall be filed as an original civil action in the trial court, except in cases in which the prisoner's conviction and sentence have been appealed to the supreme court of Mississippi and there affirmed or the appeal dismissed.
Miss.Code Ann. § 99-39-7 (Rev.1994). The statute provides that when the conviction has been affirmed or the appeal dismissed in the supreme court, the motion shall not be filed in the trial court until it is first presented to a quorum of the justices of the supreme court and an order granted allowing the filing of the motion in circuit court. Id.
¶ 6. This explicitly provides, and the statute has been held to mean what it says, that the supreme court has initial jurisdiction over a post-conviction proceeding where that court is the one that last exercised jurisdiction in the case. Evans v. State, 485 So.2d 276, 283 (Miss.1986).
¶ 7. Perry's application for leave to proceed in filing for post-conviction relief on July 18, 1997 was properly filed with the supreme court and was denied on September 24, 1997. The circuit court considered Perry's petition for post-conviction relief also filed on July 18, 1997 and denied it on July 29, 1997. Under the statute and the supreme court's interpretation of it, the circuit court was without authority to entertain Perry's petition for post-conviction relief. Though the petition should have been dismissed instead of denied, Perry was properly refused relief at the circuit court in 1997.
¶ 8. Only the supreme court could give the circuit court jurisdiction over this case in 1997. It refused to do so. The circuit court properly determined that it had no jurisdiction in 1998 to grant an out-of-time appeal from its 1997 order. Since there was no jurisdiction in 1997 for a motion in circuit court, there was no appealable judgment.
¶ 9. THE APPEAL FROM THE ORDER OF THE PERRY COUNTY CIRCUIT COURT DENYING LEAVE FOR AN OUT-OF-TIME APPEAL IS DISMISSED. *1271 ALL COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.