994 So.2d 862 (2008)
Dr. Bryce DALLAS a/k/a Bryce Frederick Dallas, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-01339-COA.
Court of Appeals of Mississippi.
July 29, 2008.
Rehearing Denied November 18, 2008.
*863 Bryce Dallas, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before LEE, P.J., CHANDLER and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Dr. Bryce Dallas pleaded guilty to burglary of a dwelling. Thereafter, Dallas filed a motion entitled, "Petition for Relief." The Circuit Court of Copiah County dismissed Dallas's petition. On appeal, Dallas argues that the circuit court erred by dismissing his petition and asserts the following assignments of error: (1) he filed this motion under Mississippi Rule of Civil Procedure 60, (2) he is suffering ongoing state and federal constitutional violations by hate groups, (3) he claims he is innocent, (4) he is entitled to constitutional equality, and (5) other grounds. We affirm the circuit court's dismissal.

FACTS
¶ 2. After Dallas pleaded guilty in March 1992, he was sentenced to serve eight years in the custody of the Mississippi Department of Corrections.[1] The circuit court's order in this case reveals that Dallas previously "filed for post[-]conviction relief in [the Circuit Court of Copiah County] through his Motion to Vacate Guilty Plea." The circuit court also found *864 that Dallas "appealed that final judgment dated June 21, 1993, to the Mississippi Supreme Court in Cause Number 93-KP-008800-SCT, Bryce Dallas v. State of Mississippi." The supreme court affirmed the circuit court.

ANALYSIS
¶ 3. Clearly, Dallas's petition for relief is barred. Even though Dallas styled his petition as a "Petition For Relief," it is, in fact, a motion for post-conviction collateral relief because Dallas argues that his guilty plea was involuntary. See Miss.Code Ann. § 99-39-5(1)(f) (Rev.2007). Therefore, Dallas is subject to the procedural bars listed in the post-conviction-collateral-relief statute. One requirement of our post-conviction-collateral-relief statute is that the petitioner must be incarcerated in a Mississippi prison or jail under a sentence from a Mississippi court. See Miss.Code Ann. § 99-39-5(1).
¶ 4. Dallas filed his petition for post-conviction collateral relief pro se with a return address in Tennessee. Furthermore, Dallas's sentence expired over eight years ago. We can only conclude that Dallas is no longer a prisoner in Mississippi and is living in Tennessee. Thus, the circuit court did not have jurisdiction and correctly dismissed Dallas's petition because Dallas no longer meets the initial requirement for any petition for post-conviction collateral relief, which is to be incarcerated in Mississippi.
¶ 5. Alternatively, Mississippi Code Annotated section 99-39-7 (Rev.2007) states, "[w]here the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this chapter shall not be filed in the trial court until the motion shall have first been presented to . . . the [S]upreme [C]ourt of Mississippi. . . ." Dallas did not present his new motion to the Mississippi Supreme Court before he filed it in the circuit court. Therefore, we must also affirm the trial court's decision because "the supreme court has initial jurisdiction over a post-conviction proceeding where that court is the one that last exercised jurisdiction in the case." Perry v. State, 759 So.2d 1269, 1270(¶ 6) (Miss.Ct.App.2000).
¶ 6. THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Dallas's briefs filed with this Court and his petition for relief have a return address of 1361 Riley Creek Rd., Whitleyville, TN 38588. Furthermore, Dallas's sentence expired approximately in March of 2000. Therefore, we can only conclude that he is no longer in the custody of the Mississippi Department of Corrections.