BARNES, J.,
for the Court:
¶ 1. Robert Lewis, Jr., appearing pro se, appeals the Circuit Court of Lowndes County’s dismissal of his motion for post-conviction relief. Finding no error, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. In August 2006, Lewis was indicted for capital murder stemming from an incident that occurred in May 2006 where Lewis shot the victim twice in the head while robbing the victim of his automobile, cellular telephone, money, and other items. In June 2008, the State moved to amend Lewis’s indictment to include the proper date of the crime and his three prior felony convictions in order to reflect Lewis’s status as a habitual offender. The trial court subsequently granted the motions to amend. According to the plea-hearing transcript of August 28, 2008, Lewis’s trial had already commenced when he decided, outside of the presence of the jury, to plead guilty. The trial judge sentenced Lewis to life imprisonment without eligibility for probation or parole, as a habitual *774 offender under Mississippi Code Annotated section 99-19-81 (Rev.2007), in the custody of the Mississippi Department of Corrections (MDOC).
¶ 3. In November 2009, Lewis filed a motion for post-conviction relief in the circuit court, wherein he claimed his indictment was defective because it did not include the relevant subsection for capital murder; his guilty plea was involuntary; and the trial court abused its discretion in sentencing him to life imprisonment. The circuit court dismissed Lewis’s motion, finding his claims without merit. Lewis timely appeals.
STANDARD OF REVIEW
¶ 4. This Court will not disturb the trial court’s dismissal of a motion for post-conviction relief unless the decision is clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). Questions of law are reviewed de novo. Id.
ANALYSIS
¶ 5. Lewis raises three issues, arguing that his indictment was defective; his guilty plea was involuntary; and the trial court erred in failing to quash his indictment. Because Lewis’s first and third issues involve his indictment, we shall discuss them together.
1. The Indictment
¶ 6. Lewis argues that his indictment violates Mississippi Code Annotated section 99-17-20 (Rev.2007) because it fails to list the subsection of the capital murder statute under which he was charged. Thus, Lewis claims that the trial court erroneously denied his oral motion to quash his indictment.[1] Lewis contends that because of the omission of the subsection in his indictment, he was misinformed about the true nature of the charged crimes. He frames his argument, however, around the trial court’s alleged lack of subject-matter jurisdiction, but the issue is actually one of whether his indictment was defective.
¶ 7. “The purpose of the indictment is to provide the accused reasonable notice of the charges against him so that he may prepare an adequate defense.” Brawner v. State, 947 So.2d 254, 265 (¶ 31) (Miss.2006) (citing Brown v. State, 890 So.2d 901, 918 (¶ 61) (Miss.2004)). Indictments thus must contain “a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation.” URCCC 7.06. The Mississippi Supreme Court has stated “that the ultimate test, when considering the validity of an indictment on appeal, is whether the defendant was prejudiced in the preparation of his defense.” Medina v. State, 688 So.2d 727, 730 (Miss.1996).
¶ 8. Additionally, when the charge is capital murder, section 99-17-20 states in pertinent part:
No person shall be tried for capital murder, or any other crime punishable by death as provided by law, unless such offense was specifically cited in the indictment returned against the accused by setting forth the section and subsection number of the Code defining the offense alleged to have been committed by the accused.... Any conviction of the accused for an offense punishable by *775 death shall not be valid unless the offense for which the accused is convicted shall have been set forth in the indictment by section and subsection number of the Code which defined the offense allegedly committed by the accused.
(Emphasis added.) “It is the intent of Section 99-17-20 that the relevant code section be cited to place the defendant on notice as to what makes the offense a capital one.” Davis v. State, 914 So.2d 200, 205 (¶ 19) (Miss.Ct.App.2005) (citing Gray v. State, 728 So.2d 36, 70 (¶ 173) (Miss.1998); Rhymes v. State, 356 So.2d 1165, 1167 (Miss.1978)). However, when a defendant pleads guilty, as here, it is well established that “[a] valid guilty plea waives all technical and non-jurisdictional defects in an indictment.” Garner v. State, 944 So.2d 934, 939 (¶ 14) (Miss.Ct.App.2006) (citing Brooks v. State, 573 So.2d 1350, 1355 (Miss.1990)). Such is the case here.
¶ 9. Lewis’s indictment states in pertinent part: “that ROBERT EARL LEWIS, JR. ... did unlawfully, wilfully, and feloniously, with or without the design to effect death, kill and murder [the victim], a human being, without authority of law and not in necessary self-defense, while engaged in the commission of the crime of Robbery, in violation of Section 97-3-19 MCA 1972 as amended....” At the top of the indictment is typed the offense “CAPITAL MURDER (§ 97-3-19).” Admittedly, Lewis’s indictment does not include the relevant subsection for capital murder anywhere in the document. However, the indictment does provide essential facts concerning the offense charged and adequately informs Lewis of the nature of the charges against him, meeting all of the requirements of URCCC 7.06. We cannot see from the indictment’s language how Lewis could be misinformed, as he contends, about the nature of the offenses charged.
¶ 10. In its brief, the State does not address Lewis’s argument about the indictment’s lack of a subsection for capital murder. However, the indictment specifically states that Lewis was charged with “capital murder” under section 97-3-19 “while engaged in the commission of ... robbery.” Thus, the indictment was sufficient to give Lewis reasonable notice of the crime charged so he could prepare an adequate defense. Moreover, the intent of section 97-3-19, which is to put the defendant on notice as to why the murder was capital, is met, even if the subsection of the capital murder statute is missing. We fail to see how Lewis’s defense could be prejudiced here by the missing subsection, because the indictment specifically charges him with “capital” murder and gives essential facts for the crimes of the murder while engaged in a robbery. We note that the indictment need not set forth the facts of the underlying felony of robbery. See Gray, 728 So.2d at 71 (¶ 174) (citing State v. Berryhill, 703 So.2d 250, 256 (¶ 23) (Miss.1997)) (“A capital murder indictment based on an underlying felony, other than burglary, does not have to specifically set forth the elements of the underlying felony used to elevate the crime to capital murder.”)
¶ 11. Importantly, even if Lewis’s indictment was defective for not including the subsection for capital murder, by pleading guilty Lewis waived his rights to any technical or non-jurisdictional defects in his indictment, which would include this omission. Additionally, section 99-17-20 states that “[n]o person shall be tried for capital murder, or any other crime punishable by death,” unless the offense’s subsection is specifically cited in the indictment. Here, Lewis was not convicted by ⅝ jury, but abandoned his trial to plead guilty and thereby avoid the possible imposition of *776 the death penalty. The record shows Lewis had reasonable notice of the crimes charged, even without the inclusion of the subsection, and his defense was in no way prejudiced by its omission. Accordingly, this issue is without merit.
2. The Guilty Plea
¶ 12. Next, Lewis argues that his guilty plea was invalid because he was misinformed about the nature of his crime due to his indictment’s omission of the subsection for capital murder, even though he admitted to the trial court during his plea hearing that he understood the charges against him. He claims that the record indicates that neither he, his counsel, nor the court understood the essential elements of the crime charged. Since he was not provided “real notice” of the nature of the charges against him, Lewis concludes his plea is void.
¶ 13. A guilty plea will be found valid if it is voluntarily and intelligently made by the defendant before the trial court. Burrough v. State, 9 So.3d 368, 373 (¶ 11) (Miss.2009). A plea is voluntarily and intelligently given if the trial court advises “the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea.” Id. (citing Harris v. State, 806 So.2d 1127, 1130 (¶ 9) (Miss.2002)). Furthermore, there is a “strong presumption of validity that goes with solemn declarations made in open court and the need for finality.” Hannah v. State, 943 So.2d 20, 25 (¶ 11) (Miss.2006) (citing Baker v. State, 358 So.2d 401, 403 (Miss.1978)). The burden of proof is on the petitioner to prove that his plea was invalid. Id. (citing Gardner v. State, 531 So.2d 805, 810 (Miss.1988)).
¶ 14. The transcript of Lewis’s plea hearing shows that he voluntarily admitted under oath that he was guilty of the charge of capital murder. The State explained its proof would show that Lewis shot and killed the victim while robbing him. The trial judge also advised Lewis of the nature of the charge, the effect of the plea on his rights, and the sentence. The judge clearly explained that if the jury convicted Lewis of the charge, the jury could impose the death penalty. If the jury did not agree on the death penalty, the judge explained that he could impose the sentence of life in prison without the possibility of parole. Lewis stated he understood. There is no evidence in the transcript to suggest that Lewis was “misinformed” or lacked “real notice” of the charge of capital murder just because the subsection of the murder statute was not included on his indictment.
¶ 15. Moreover, the record shows Lewis was not under any duress or coercion to enter the plea, nor was he under the influence of drugs or alcohol. Lewis stated his defense counsel fully discussed his case with him and any possible defenses. Finally, Lewis signed a petition to enter a guilty plea that reiterated his plea was voluntary and intelligent; thus, it was valid.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. Documentation of this motion is not in the record before us, but Lewis contends that it is found in his trial transcript. However, he claims that his trial transcript was never produced for him. Regardless, inclusion of any documentation of the oral motion to quash the indictment would not change the final disposition of this opinion.