ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. This case is before this Court on appeal from the Oktibbeha County Circuit Court’s denial of Michael Warren Willie’s motion for post-conviction relief (PCR). Aggrieved by the denial, Willie now appeals, arguing that he was convicted under a defective indictment and that his sentence is illegal. However, because the circuit court lacked jurisdiction over Willie’s PCR motion, we vacate the judgment of the circuit court and remand this case to the circuit court to dismiss for lack of jurisdiction.
 

 FACTS
 

 ¶ 2. In 1989, a jury convicted Willie of capital murder and sentenced him to death.
 
 Willie v. State,
 
 585 So.2d 660, 664 (Miss.1991)
 
 (Willie I), overruled by King v. State,
 
 784 So.2d 884 (Miss.2001). Willie appealed his conviction and sentence to the Mississippi Supreme Court. The supreme court affirmed his conviction, but it remanded the case for a new sentencing hearing.
 
 Willie I,
 
 585 So.2d at 682. On remand, Willie was re-indicted as a habitual offender, pled guilty, and was sentenced as a habitual offender to life imprisonment without the eligibility for parole or probation.
 
 [1]
 

 Willie v. State,
 
 738 So.2d 217, 218 (¶ 4) (Miss.1999)
 
 (Willie II).
 
 Later, he filed a PCR motion, which the circuit court
 
 *44
 
 denied.
 
 Id.
 
 at (¶5). Willie appealed his PCR case to the supreme court, which remanded the case for a new sentencing hearing on his original indictment since re-indicting Willie was a violation of the double-jeopardy clause.
 
 Id.
 
 at 221 (¶ 20). At this new sentencing hearing, the indictment was amended to charge Willie as a habitual offender; Willie was, once again, sentenced to life without the eligibility for parole or probation.
 
 Willie v. State,
 
 876 So.2d 278, 278 (¶1) (Miss.2004)
 
 (Willie III).
 

 ¶ 3. Undeterred, Willie again appealed to the supreme court. He challenged his sentence as a habitual offender and alleged that the circuit court had erred in granting the State’s motion to amend the indictment. On his third appeal, the supreme court affirmed his sentence of life without the possibility of parole or probation.
 
 Id.
 
 at 280 (¶ 9). It was after the supreme court’s affirmance of his sentence in 2004 that Willie filed his current PCR motion in the circuit court. The circuit court denied his PCR motion on the ground that it was time-barred under Mississippi Code Annotated section 99-39-5 (Supp.2010). Willie appeals once again.
 

 DISCUSSION
 

 ¶ 4. Although neither party raised the jurisdictional issue in its brief, it is well established that it is “[t]he duty of this Court to raise the question which involves jurisdiction, on its own motion[.]”
 
 Slater v. Bishop,
 
 251 Miss. 306, 308, 169 So.2d 465, 467 (1964).
 

 ¶ 5. Pursuant to Mississippi Code Annotated section 99-39-7 (Supp.2010), before a movant in Willie’s circumstance may file a PCR motion in the circuit court, he must first seek and obtain permission to do so from the supreme court. The statute reads, in pertinent part, as follows:
 

 Where the conviction and sentence have been affirmed on appeal or the appeal dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in term time or in vacation, and an order granted allowing the filing of such motion in the trial court.
 

 Id.
 

 ¶ 6. The supreme court affirmed Willie’s conviction of capital murder in 1991 and then later affirmed his sentence of life without the eligibility for parole or probation in 2004. By having both his conviction and sentence affirmed by the supreme court, Willie’s case falls squarely under the language found in Mississippi Code Annotated section 99-39-7; thus, he was required first to obtain permission from the supreme court before he could properly pursue a PCR motion in the circuit court.
 

 ¶ 7. Although required by statute to seek this permission, the record before us is absolutely devoid of any such request from Willie to the supreme court much less an order from the supreme court allowing Willie to pursue his PCR motion in the circuit court. We have held:
 

 [A]s to post-conviction-relief motions brought after an unsuccessful direct appeal of a criminal conviction, the failure of the movant to obtain the prior permission of the supreme court to file the motion as set out in section 99-39-27 [Leave to Proceed in Trial Court] deprives the circuit court — and, necessarily, this Court — of authority to reach the merits of the motion.
 

 Epps v. State,
 
 837 So.2d 243, 245 (¶6) (Miss.Ct.App.2003).
 

 ¶ 8. Because Willie failed first to obtain permission from the supreme court before filing his PCR motion as required under
 
 *45
 
 Mississippi Code Annotated section 99-39-7, the circuit court lacked jurisdiction to hear Willie’s PCR motion. Accordingly, we vacate the judgment of the circuit court and remand this case to the circuit court to dismiss for lack of jurisdiction.
 

 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS VACATED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE AND MAXWELL, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. MYERS, J., NOT PARTICIPATING.
 

 [1]
 

 . Willie's status as a habitual offender came from a previous conviction of grand larceny in Webster County, Mississippi, on June 27, 1989, and a sentence of three years in the custody of the Mississippi Department of Corrections (MDOC); he also was previously convicted of grand larceny in Tallahatchie County, Mississippi, on November 9, 1989, and sentenced to serve three years in the custody of the MDOC.