# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00094-COA

**ROBERT E. LEWIS, JR. A/K/A ROBERT EARL LEWIS, JR. A/K/A ROBERT LEWIS**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/22/2014 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT E. LEWIS JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED – 12/15/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. After Robert Lewis filed his fourth motion for post-conviction relief (PCR) in the Circuit Court of Lowndes County, the court dismissed it because he had failed to obtain permission from the Mississippi Supreme Court to file the motion. The circuit court also dismissed the motion as an impermissible successive motion. Lewis appeals, raising two issues: (1) whether he was required to obtain permission from the supreme court to file the PCR motion in the circuit court and (2) whether the circuit court abused its discretion in denying his request for free records and transcripts. Because the second issue is procedurally

barred due to Lewis's failure to raise it before the circuit court, *Bell v. State*, 105 So. 3d 401, 403-04 (¶¶8-10) (Miss. Ct. App. 2012) (citations omitted), we only discuss the first issue.

¶2. Finding no reversible error, we affirm.

FACTS

¶3. On August 28, 2008, after Lewis pleaded guilty to capital murder, the circuit court sentenced him, as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015), to life imprisonment without the possibility of probation or parole. As discussed below, between 2009 and 2014, Lewis filed four PCR motions challenging his conviction and sentence.

¶4. Lewis filed his first PCR motion on November 18, 2009, and the circuit court denied it. On appeal, this Court affirmed. *Lewis v. State*, 155 So. 3d 772, 774 (¶3) (Miss. Ct. App. 2011). He filed his second motion on April 12, 2011, and the record reveals that on May 19, 2011, the circuit court dismissed that motion as a successive PCR motion in violation of Mississippi Code Annotated section 99-39-23(6) (Rev. 2015), which bars second and successive motions, with certain exceptions.

¶5. On July 13, 2011, the circuit court filed an order rescinding its May 19, 2011 judgment because it concluded that it lacked jurisdiction inasmuch as, in the court's view, Lewis needed to obtain permission from the supreme court before he could file the PCR motion. At some point, Lewis filed an application in the supreme court, seeking permission to file a PCR motion in the circuit court. By order dated November 9, 2011, the supreme court, finding that since there had been no appeal of Lewis's conviction or sentence, it was

2

without jurisdiction to consider Lewis's application, and dismissed it without prejudice. On December 9, 2011, Lewis filed his third PCR motion, and the record reveals that the circuit court also dismissed that motion as an impermissible successive motion. On August 13, 2014, Lewis filed his fourth PCR motion, which the circuit court dismissed, resulting in this appeal.

## DISCUSSION

¶6. "When reviewing a trial court's denial or dismissal of a motion for PCR, [appellate courts] will only disturb the trial court's factual findings if they are clearly erroneous; however, . . . legal conclusions [are reviewed] de novo[.]" *Chapman v. State*, 167 So. 3d 1170, 1172 (¶3) (Miss. 2015) (citations omitted). For clarity, any further mentioning of a PCR motion refers to Lewis's fourth PCR motion unless otherwise specified.

¶7. Citing *Jackson v. State,* 67 So. 3d 725 (Miss. 2011), Lewis argues that because he pleaded guilty and, therefore, did not directly appeal his capital-murder conviction to the supreme court, the circuit court had jurisdiction to address the PCR motion,[1] and he was not required to seek permission from the supreme court under Mississippi Code Annotated section 99-39-7 (Rev. 2015) before filing the PCR motion in the circuit court. In response, the State insists that because "[i]n denying Lewis's . . . motion for [PCR, the circuit court] found as a fact and concluded as a matter of law, implicitly, if not directly, that [the] motion was a 'subsequent[,] successive request for [PCR],'" this Court should also dismiss the

---

[1] Mississippi Code Annotated section 99-35-101 (Rev. 2015) states that "[a]ny [defendant] convicted of an offense in a circuit court may appeal to the [Mississippi] Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the [s]upreme [c]ourt shall be allowed."

motion as a successive motion. Alternatively, citing *Willie v. State*, 69 So. 3d 42 (Miss. Ct. App. 2011), and *Dallas v. State*, 994 So. 2d 862 (Miss. Ct. App. 2008), the State argues that the circuit court properly found that Lewis was required to obtain permission from the supreme court under section 99-39-7 before filing his motion in the circuit court. The State also points out that this Court—in affirming the circuit court's dismissal of Lewis's first PCR motion—affirmed the integrity of Lewis's conviction and sentence, albeit in a post-conviction context as opposed to direct appeal. So according to the State, this Court "was the last court to exercise jurisdiction" in this case and should dismiss Lewis's PCR motion.[2]

¶8.     In the order denying the PCR motion, the circuit court found that "[s]ince . . . Lewis ha[d] filed a number of requests for [post-conviction relief] without seeking permission from the Mississippi Supreme Court[, it did] not have jurisdiction to rule on th[e] matter without

---

[2] We acknowledge that *Perry v. State*, 759 So. 2d 1269, 1270 (¶6) (Miss. Ct. App. 2000), states that "the supreme court has initial jurisdiction over a post-conviction proceeding where that court is the one that last exercised jurisdiction," and that *Dallas*, citing *Perry,* says the same. We discuss both of these cases later in this opinion but point out here that *Perry* cites *Evans v. State*, 485 So. 2d 276 (Miss. 1986), for such proposition. However, it appears that *Evans* either referred to an earlier version of section 99-39-7 of the Mississippi Uniform Post-Conviction Collateral Relief Act or misinterpreted that section. This is what the *Evans* court said:

> The post-conviction relief act provides that all post-conviction petitions are to be filed in the court which last exercised jurisdiction in the case. Mississippi Code Annotated § 99-39-7 (Supp. 1985), and § 99-35-145 (Supp. 1984) and Uniform Circuit Court Criminal Rule 8.07. Therefore, jurisdiction is vested in the Mississippi Supreme Court rather than a lower court. *Cannady v. State*, 455 So. 2d 713 (Miss. 1984); *Johnson v. State*, 394 So. 2d 319 (Miss. 1981).

*Evans*, 485 So. 2d at 283. *Cannady* involved an application for a writ of error coram nobis, and the supreme court held that the trial court lost its jurisdiction over the petition for writ of error coram nobis after Cannady perfected her appeal to the supreme court. *Cannady*, 455 So. 2d at 726. We discuss *Johnson* in some detail later in this opinion.

4

[him] having first received permission to proceed in the [circuit] court." The court also found that "it [was] without jurisdiction to rule on th[e] subsequent [and] successive [PCR] request."

¶9.     For the reasons we discuss later, we agree with Lewis that he was not required to obtain permission from the supreme court before he could file a PCR motion challenging the validity of his guilty plea to capital murder in 2008. However, since the circuit court decided the merits of Lewis's PCR motion by finding that it was a successive motion in violation of section 99-39-23(6), its finding that Lewis had not met the prerequisite for filing the PCR motion is of no consequence.

¶10.    Section 99-39-7 provides:

> The motion under this article shall be filed as an original civil action in the trial court, except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and[,] there[,] affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in term time or in vacation, and an order granted allowing the filing of such motion in the trial court. The procedure governing applications to [our] [s]upreme [c]ourt for leave to file a motion under this article shall be as provided in [Mississippi Code Annotated] [s]ection 99-39-27 [(Rev. 2007)].

¶11.    In *Jackson*, Robert H. Jackson pleaded guilty to capital murder predicated on a burglary and later filed a PCR motion, seeking to have his conviction and sentence vacated. *Jackson*, 67 So. 3d at 727 (¶4). The trial court dismissed the PCR motion as time-barred, and Jackson appealed. *Id*. On appeal, the supreme Court "reversed the trial court's dismissal . . . and remanded the case for development of the facts of [Jackson's] substantive claim[.]"

*Id*. at (¶5). On remand the trial court either denied or dismissed the PCR motion, and after granting certiorari, the supreme court affirmed. *Id*. Sometime thereafter, Jackson filed a second PCR motion in the trial court, and it was also either denied or dismissed. *Id*. The supreme court also affirmed the judgment denying or dismissing the second PCR motion. *Id*. at 728 (¶6).

¶12. The supreme court later decided *State v. Berryhill*, 703 So. 2d 250 (Miss. 1997). *Jackson*, 67 So. 3d at 728 (¶7). Jackson then filed a section-99-39-7 application in the supreme court, and the supreme court denied the application as a successive writ. *Jackson*, 67 So. 3d at 728 (¶8). Undaunted by the denial of his application to proceed in the trial court with a PCR motion, Jackson filed a second section-99-39-7 application, arguing for the first time, among other things, that *Berryhill* was an intervening decision that invalidated his indictment. *Jackson,* 67 So. 3d at 728 (¶9). The supreme court also denied the second application as a successive writ. *Id*. Not to be deterred, Jackson filed a third application under section 99-39-7, and the supreme court also found that application successive-writ barred. *Id*. at (¶10).

¶13. After the supreme court dismissed the third application, Jackson filed another PCR motion in the trial court, and the trial court found that motion successive-writ barred. *Id*. at 729 (¶11). On appeal, this Court affirmed, finding the motion successive-writ barred and finding that the trial court lacked jurisdiction because the defendant had failed to obtain leave of the supreme court. *Id*. at (¶12). We also found that the supreme court had last exercised jurisdiction in the defendant's case. *Id.*

¶14. On writ of certiorari, in reversing the defendant's conviction and remanding the case, the supreme court found, among other things, "that the trial court [had] jurisdiction to consider [the] PCR motion." *Id* at (¶13). The State filed a motion for rehearing, which the supreme court granted. On rehearing, the supreme court found that Jackson was required to file his PCR motion in the trial court, *id*. at 730 (¶18), and made it clear that it "was without jurisdiction to consider [Jackson's] applications for leave to proceed in the trial court because [his] conviction and sentence were never directly appealed." *Id*. at 730 (¶20). The court stated that "[t]he only way [it] properly could have considered [Jackson's] PCR filings would have been if [he] had first presented his PCR motion to the trial court, that court had denied relief, and [he] had appealed [from] that decision[.]" *Id*. So the supreme court found that absent either (1) a direct appeal of a conviction that is affirmed or dismissed followed by a section-99-39-7 application or (2) an appeal from a circuit court's judgment denying or dismissing a PCR motion, it is without jurisdiction to entertain PCR matters. *Jackson*, 67 So. 3d at 731 (¶¶20-22). The supreme court also found that the trial court should have exercised jurisdiction over the PCR proceedings. *Id*. at (¶22).

¶15. As noted, the State cites *Willie* and *Dallas* as support for its argument that because this Court last exercised jurisdiction when we affirmed the judgment denying Lewis's first PCR motion, we have jurisdiction to address the subject PCR motion, and we should dismiss it. In *Willie*, a jury convicted the defendant of capital murder and sentenced him to death, and he appealed to the supreme court, which affirmed the conviction but remanded the case for resentencing. *Willie*, 69 So. 3d at 43 (¶2). On remand, after being re-indicted as a habitual

7

offender, the defendant pleaded guilty and was sentenced, as a habitual offender, to life imprisonment without the possibility of parole or probation. *Id.* He later filed a PCR motion in the trial court, and after the trial court denied the motion, he appealed to the supreme court. *Id.*

¶16. On appeal, the supreme court "remanded the case for a new sentencing hearing on [Willie's] original indictment since re-indicting [him] was a violation of the double-jeopardy clause." *Id.* At that sentencing hearing, the trial court allowed the original indictment to be amended to charge the defendant as a habitual offender, and Willie was, again, sentenced to life imprisonment without the possibility of parole or probation. *Id.* On appeal, the supreme court affirmed. *Id.* Willie then filed a PCR motion in the trial court, which denied the motion after finding it time-barred. *Id*. at 44 (¶3).

¶17. On appeal of the trial court's judgment denying the PCR motion, this Court found that because the supreme court had affirmed Willie's conviction and sentence, he was required to obtain leave of court under section 99-39-7 before filing his PCR motion in the trial court. *Willie*, 69 So. 3d at 44 (¶6). Because he had failed to do so, we dismissed the appeal of his PCR motion based on a lack of jurisdiction. *Id*. at 44-45 (¶8).

¶18. In *Dallas*, the defendant was convicted by a guilty plea. *Dallas*, 994 So. 2d at 863 (¶2). In that opinion, this Court stated:

> The [trial] court's order [denying the PCR motion] . . . reveals that [the defendant] previously "filed for [PCR] in the [trial court] through his Motion to Vacate Guilty Plea." The [trial] court also found that [the defendant had] "appealed that final judgment dated June 21, 1993, to the Mississippi Supreme Court in Cause Number 93-KP-008800-SCT, *Bryce Dallas v. State of Mississippi*." The supreme court affirmed the [trial] court.

8

*Dallas*, 994 So. 2d at 863-64 (¶2). It seems evident that the supreme court did not affirm the judgment of conviction, since the appellant pleaded guilty, and section 99-35-101 precludes an appeal of a guilty-plea conviction. So the supreme court must have affirmed the trial court's judgment denying the appellant's prior PCR motion. Notwithstanding this fact, in *Dallas*, this Court found, among other things, that

> [Dallas] did not[, under section 99-39-7,] present his new motion to the Mississippi Supreme Court before he filed it in the [trial] court. Therefore, we must also affirm the trial court's decision because "the supreme court has initial jurisdiction over a post-conviction proceeding where that court is the one that last exercised jurisdiction in the case." *Perry v. State*, 759 So. 2d 1269, 1270 (¶6) (Miss. Ct. App. 2000).

This was erroneous. Section 99-39-7 makes it clear that petitioners are required to seek leave of the supreme court to file a PCR motion in a circuit court under two specific circumstances, neither of which occurred in *Dallas*.

¶19. In *Perry*, Robert Perry was convicted by a jury of murder, and his conviction and sentence were affirmed by the supreme court. *Perry*, 759 So. 2d at 1270 (¶2). He filed an application under section 99-39-7 in both the trial court and the supreme court, and both courts denied the application. *Perry*, 759 So. 2d at 1270 (¶2). He later filed a motion for leave to file an out-of-time appeal in the trial court, and the trial court denied the motion, finding that the supreme court had jurisdiction. *Id*. at (¶3). The defendant appealed from the judgment denying the motion for the out-of-time appeal, and on appeal, this Court found that because his conviction was affirmed by the supreme court, "the supreme court ha[d] initial jurisdiction over [the PCR] proceeding [because] it [was] the one that last exercised

9

jurisdiction in the case." *Id*. at (¶6). We concluded that "[o]nly the supreme court could give the [trial] court jurisdiction over [the] case[.]" *Id.* at (¶7). The obvious contrast between *Dallas* and *Perry* is that in *Dallas*, the defendant was convicted by a guilty plea, and in *Perry*, the defendant was convicted by a jury, and his conviction was affirmed by the supreme court, thereby placing his case within the purview of section 99-39-7.

¶20. In this case, as noted, the State argues that this Court last exercised jurisdiction when it affirmed the circuit court's denial of Lewis's first PCR motion. In *Jackson*, the supreme court, quoting *Martin v. State*, 556 So. 2d 357, 359 (Miss. 1990), conceded that "there is general language in our prior cases to the effect that the court to last exercise jurisdiction in [a] case has exclusive, original jurisdiction over the post-conviction petition." *Jackson*, 67 So. 3d at 730 (¶19).

¶21. In *Johnson*, Ruthie Johnson was convicted by a jury, and more than three years after her conviction, she attempted to appeal her conviction. *Johnson*, 394 So. 2d at 320. The supreme court dismissed the appeal, and she eventually filed a petition for a writ of habeas corpus in the trial court, which the trial court denied. She appealed to the supreme court from the judgment denying the writ. *Id*.

¶22. On appeal, the supreme court affirmed, finding that Johnson's petition did not comply with the requirements of Rule 8.08 of the Mississippi Uniform Criminal Rules of Circuit Court Procedure, as the rule required, among other things, that "[t]he petition for the writ of habeas corpus . . . be filed with the clerk of the court that last entertained any proceeding on

the cause from which the petitioner [sought] relief."[3] *Johnson*, 394 So. 2d at 320. The

supreme court noted that "in dismissing Johnson's original appeal," it "was the [c]ourt that

last entertained any proceeding on the cause, not the [trial court]." *Id*. The court also quoted

subsection (2) of Mississippi Code Annotated section 99-35-145 (1972):[4]

> In all cases wherein a judgment of conviction in a criminal prosecution has
> been affirmed on appeal by the supreme court, no petition for the writ of error
> coram nobis shall be allowed to be filed or entertained in the trial court unless
> and until the petition for the writ shall have first been presented to a quorum
> of the justices of the supreme court, convened for said purpose either in term
> time or in vacation, and an order granted allowing the filing of such petition
> in the trial court

*Johnson*, 394 So. 2d at 320. So the *Johnson* court essentially found, as section 99-39-7

establishes, that where a judgment of conviction has been affirmed by the supreme court, a

petitioner must obtain leave of court before filing a PCR motion in the trial court.

¶23.   Had Lewis been convicted by a jury and his conviction affirmed on appeal, the State's

argument would pass muster, but, as stated, he was not so convicted. We find that Lewis was

not required to obtain the supreme court's permission to file the PCR motion in the circuit

court and that the circuit court had jurisdiction to address it.

¶24.   Notwithstanding the circuit court's error, it correctly found that Lewis's petition was

successive-writ barred. Section 99-39-23(6) states that "any order dismissing [a] petitioner's

[PCR] motion or otherwise denying relief under this article is a final judgment and shall be

---

[3] The Mississippi Uniform Criminal Rules of Circuit Court Procedure have been replaced by the Uniform Rules of Circuit and County Court, and Rule 8 of the former rules is not included in the new rules.

[4] This code section has been repealed.

11

conclusive until reversed[,] [and] [i]t shall be a bar to a second or successive motion under this article." As stated, before filing the subject PCR motion, Lewis filed three other PCR motions in the circuit court, one of which was denied and two of which were dismissed. Therefore, the PCR motion was successive under 99-39-23(6). Accordingly, we affirm.

¶25. **THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**