# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01192-COA

**LARRY KNIGHT**                                                            **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                    **APPELLEE**

DATE OF JUDGMENT:                09/01/2021
TRIAL JUDGE:                     HON. TONI DEMETRESSE TERRETT
COURT FROM WHICH APPEALED:       SHARKEY COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          LARRY KNIGHT (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: SCOTT STUART
NATURE OF THE CASE:              CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                     APPEAL DISMISSED - 06/13/2023
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., LAWRENCE AND EMFINGER, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Larry Knight was indicted for two counts of touching a person under the age of sixteen years for the purpose of gratification of lust or indulging his depraved sexual desires. On April 4, 2018, a Sharkey County Circuit Court jury found Knight guilty of molestation on one count and not guilty on the second count. The circuit court sentenced Knight to serve fifteen years in the custody of the Mississippi Department of Corrections (MDOC). Knight appealed, and the Mississippi Supreme Court affirmed his conviction and sentence. *Knight v. State*, 271 So. 3d 477, 477-78 (¶1) (Miss. 2019).[1]

---

[1] Knight's attorneys found no arguable issues for appeal, *see Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005), and Knight did not file a pro se brief.

¶2. In May 2020, Knight sought permission from the supreme court to file a motion for post-conviction relief (PCR) with the circuit court, asserting there was an error with his MDOC time sheet (i.e., that his sentence was classified as "mandatory"). The supreme court dismissed his application without prejudice for him to seek relief through the MDOC's Administrative Remedy Program (ARP). Order, *Knight v. State*, No. 2020-M-00479 (Miss. June 3, 2020). Knight then sought review through the ARP, asking the MDOC to correct his timesheet to reflect that his sentence was not mandatory. MDOC responded that Knight was not eligible for early release and that his sentence was "day for day." After Knight sought the ARP's second-step review, the MDOC again notified him (on December 21, 2020) that he was not eligible for early release.

¶3. On January 6, 2021, Knight simultaneously filed a "Motion for Post-Conviction Collateral Relief" with the Sharkey County Circuit Court and the Mississippi Supreme Court, "seek[ing] judicial review" of the ARP decision based on his continued claim that his MDOC timesheet was incorrect because his sentence was not mandatory. The supreme court dismissed the application without prejudice for Knight to seek appropriate judicial review of the ARP decision in the circuit court. Order, *Knight v. State*, No. 2020-M-00479 (Miss. April 19, 2021).

¶4. Treating the filing as a PCR motion, the circuit court denied Knight's motion, finding that he failed to state an actionable claim upon which relief could be granted and was not eligible for parole or early release because he had been convicted of a crime of violence under Mississippi Code Annotated section 97-3-2(1)(s) (Rev. 2014). Knight appeals from

the court's order, reasserting the argument that his sentence had been incorrectly classified as mandatory.

**DISCUSSION**

¶5.     Although not raised by either party, we first address the issue of jurisdiction. *See Willie v. State*, 69 So. 3d 42, 44 (¶4) (Miss. Ct. App. 2011) (noting the Court's duty "to raise the question which involves jurisdiction, on its own motion"). Knight's notice of appeal of the circuit court's order was untimely. Mississippi Rule of Appellate Procedure 4(a) requires an appeal to be filed with the trial court clerk within thirty days of the "order appealed from." The court's order was filed on September 1, 2021, but Knight's notice of appeal was not dated until October 12, 2021, and was not filed until October 14, 2021. While this Court has the discretion to suspend the rules and extend the "time for taking an appeal" under Mississippi Rule of Appellate Procedure 2(c), we can only do so in "criminal and post-conviction cases, but not civil cases."

¶6.     Here, we find it evident from the prior administrative proceedings and court filings in this instance that Knight's "PCR motion" was actually a petition seeking judicial review of the MDOC's ARP decision. *See* Miss. Code Ann. § 47-5-807 (Rev. 2015). In his titled "Motion for Post-Conviction Relief," Knight explicitly argued that "he is aggrieved by the adverse decision rendered pursuant to the administrative review procedure, and *seeks judicial review of said decision* in accordance to [Mississippi Code Annotated] 47-5-807." (Emphasis added). Thus, because this case involves a civil action appealing a decision from

3

an administrative agency,[2] we must dismiss for lack of appellate jurisdiction. Even if we were to treat Knight's motion as one for post-conviction relief, Knight failed to obtain the Mississippi Supreme Court's permission to file his motion. "The UPCCRA provides that a motion for post-conviction relief 'shall not be filed in the trial court until the motion shall have first been presented to' the Supreme Court *and the Supreme Court enters an order 'allowing the filing of such motion in the trial court.'" Watson v. State*, 295 So. 3d 542, 544 (¶4) (Miss. Ct. App. 2019) (emphasis added) (quoting Miss. Code Ann. § 99-39-7). "This procedure is not merely advisory, but jurisdictional." *Id*. (quoting *Chandler v. State*, 190 So. 3d 509, 511 (¶6) (Miss. Ct. App. 2016)).

¶7.    We further note that Knight's motion for judicial review of the ARP decision was filed in the wrong county. In *McManus v. State*, 310 So. 3d 332, 335 (¶7) (Miss. Ct. App. 2021), the Court held that the proper county in which to appeal an MDOC's ARP decision is the county "where [the petitioner] was incarcerated at the time he requested relief through the ARP." Sharkey County was the county in which Knight was convicted and would have been the correct county for him to file a PCR motion. However, Knight was incarcerated in Yazoo County when he filed his ARP request, making it the appropriate venue for him to seek judicial review of the MDOC's ARP decision. The Sharkey County Circuit Court therefore did not have jurisdiction to consider Knight's motion. Accordingly, even if Knight's notice of appeal had been timely, this Court's disposition would have resulted in

---

[2] While we acknowledge this Court's holding in *Jobe v. State*, 288 So. 3d 403, 408 (¶19) (Miss. Ct. App. 2019), that a filing requesting a review of an ARP decision is "not a 'regular civil filing'" requiring service of process under Mississippi's Rules of Civil Procedure, our appellate rules make no such distinction.

4

Knight's motion being transferred to the Yazoo County Circuit Court (the appropriate venue) for judicial review.[3]

¶8.    **APPEAL DISMISSED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

---

[3] Mississippi Rule of Civil Procedure 82(d) provides, "When an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed and the case shall proceed as though originally filed therein."